Filed 10/22/2019 6:19 PM
Isabel Adame
District Clerk
Willacy County, Texas
Reviewed By: Isabel Mejia

CAUSE NO. _____  2019-CV-0377-A

| | | |
|---|---|---|
| **JOSHUA PARKS,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | 197th _____ **JUDICIAL DISTRICT** |
| | § | |
| **NORDEX USA, INC., ACCIONA ENERGY** | § | |
| **USA GLOBAL LLC, BRUENNING'S** | § | |
| **BREEZE WIND FARM, LLC, IEA** | § | |
| **CONSTRUCTORS, LLC, E.ON CLIMATE** | § | |
| **& RENEWABLES NORTH AMERICA,** | § | |
| **LLC, 3M and CAPITAL SAFETY, LLC** | § | |
| **AND AXIS RENEWABLE GROUP, INC.,** | § | |
| | § | **WILLACY COUNTY, TEXAS** |
| **Defendants.** | | |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes **JOSHUA PARKS** (hereinafter referred to as Plaintiff) complaining of **NORDEX USA, INC., ACCIONA ENERGY USA GLOBAL LLC, BRUENNING'S BREEZE WIND FARM, LLC, IEA CONSTRUCTORS, LLC,** and **E.ON CLIMATE & RENEWABLES NORTH AMERICA, LLC, 3M and CAPITAL SAFETY, LLC AND AXIS RENEWABLE GROUP, INC.** (hereinafter referred to as Defendants), and for such cause of action, would respectfully show unto the court as follows:

### I.    DISCOVERY CONTROL PLAN LEVEL

1.1    Plaintiffs plead that discovery should be conducted in accordance with a discovery control plan under rule 190.4 (Level 3) of the Texas Rules of Civil Procedure.

### II.    JURY DEMAND

2.1    Plaintiff has tendered the required fee, and hereby requests a trial by jury.

### III.    PARTIES AND SERVICE

**PLAINTIFFS:**

3.1    Plaintiff, **JOSHUA PARKS,** is a resident of Rowan County, Texas.

Exhibit A

**DEFENDANTS:**

3.2     Defendant, **NORDEX USA, INC.** (hereinafter referred to as "**NORDEX**"), is a foreign corporation, organized and existing under the laws of the State of Delaware and authorized to do business in Willacy County, Texas. Service is requested pursuant to TEX. R. CIV. P. 103 and 106(a) (2) permitting the clerk of the court to serve Defendant by mailing to Defendant by registered or certified mail, return receipt requested, a true and correct copy of the citation with service of process.  Service may be had on Defendant's registered agent for service:

Cogency Global Inc.
1601 Elm St., Suite 4360
Dallas, TX 75201

3.3.     Defendant, **ACCIONA ENERGY USA GLOBAL LLC.** (hereinafter referred to as "**ACCIONA**"), is a foreign limited liability company, organized and existing under the laws of the State of Delaware and authorized to do business in Willacy County, Texas. Service is requested pursuant to TEX. R. CIV. P. 103 and 106(a) (2) permitting the clerk of the court to serve Defendant by mailing to Defendant by registered or certified mail, return receipt requested, a true and correct copy of the citation with service of process.  Service may be had on Defendant's registered agent for service:

C T Corporation System
1999 Bryan St., Ste. 900
Dallas, TX 75201-3136

3.4.     Defendant, **BRUENNING'S BREEZE WIND FARM, LLC** (hereinafter referred to as "**BRUENNING'S**"), is a foreign limited liability company, organized and existing under the laws of the State of Delaware and authorized to do business in Willacy County, Texas. Service is requested pursuant to TEX. R. CIV. P. 103 and 106(a) (2) permitting the clerk of the court to serve Defendant by mailing to Defendant by registered or certified mail, return receipt

requested, a true and correct copy of the citation with service of process.  Service may be had on Defendant's registered agent for service:

> C T Corporation System
> 1999 Bryan St., Ste. 900
> Dallas, TX 75201-3136

3.5    Defendant, **IEA CONSTRUCTORS, LLC** (hereinafter referred to as "**IEA**"), is a foreign limited liability company, organized and existing under the laws of the State of Wisconsin and authorized to do business in Willacy County, Texas. Service is requested pursuant to TEX. R. CIV. P. 103 and 106(a) (2) permitting the clerk of the court to serve Defendant by mailing to Defendant by registered or certified mail, return receipt requested, a true and correct copy of the citation with service of process.  Service may be had on Defendant's registered agent for service:

> C T Corporation System
> 1999 Bryan St., Ste. 900
> Dallas, TX 75201-3136

3.6.    Defendant, **E. ON CLIMATE & RENEWABLES NORTH AMERICA, LLC** (hereinafter referred to as "**E.ON**"), is a foreign limited liability company, organized and existing under the laws of the State of Delaware and authorized to do business in Willacy County, Texas. Service is requested pursuant to TEX. R. CIV. P. 103 and 106(a) (2) permitting the clerk of the court to serve Defendant by mailing to Defendant by registered or certified mail, return receipt requested, a true and correct copy of the citation with service of process.  Service may be had on Defendant's registered agent for service:

> C T Corporation System
> 1999 Bryan St., Ste. 900
> Dallas, TX 75201-3136

3.7    Defendant, **CAPITAL SAFETY, LCC** (hereinafter referred to as "**CAPITAL**"), is a Delaware limited liability company that engages in business in the State of Texas, but has

not designated or maintained a resident agent for service of process in the State of Texas. Therefore, this Court has jurisdiction over this Defendant pursuant to TEX. CIV. PRAC. & REM. CODE ANN §§17.041 - 17.045 and service of process on said Defendant may be had by serving the Secretary of State of Texas, 1019 Brazos Street, Austin, Texas 78701, pursuant to TEX. CIV. PRAC. & REM. CODE ANN §17.044(b), who, in turn, shall send, by registered mail or certified mail, return receipt requested, a copy of this petition to be served upon said Defendant registered agent for service:

The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

3.8     Defendant, **3M** (hereinafter referred to as "**3M**"), is a Minnesota corporation with its principal place of business in St. Paul, Minnesota.  3M Company regularly conducts business in the State of Texas.  Service is requested pursuant to TEX. R. CIV. P. 103 and 106(a) (2) permitting the clerk of the court to serve Defendant by mailing to Defendant by registered or certified mail, return receipt requested, a true and correct copy of the citation with service of process.  Service may be had on Defendant's registered agent for service:

C T Corporation System
1999 Bryan St., Ste. 900
Dallas, TX 75201-3136

3.9.    Defendant, **AXIS RENEWABLE GROUP, INC.** (hereinafter referred to as "**AXIS**"), is a Wyoming Domestic Profit Corporation that engages in business in the State of Texas but has not designated or maintained a resident agent for service of process in the State of Texas. Therefore, this Court has jurisdiction over this Defendant pursuant to TEX. CIV. PRAC. & REM. CODE ANN §§17.041 - 17.045 and service of process on said Defendant may be had by serving the Secretary of State of Texas, 1019 Brazos Street, Austin, Texas 78701, pursuant to

TEX. CIV. PRAC. & REM. CODE ANN §17.044(b), who, in turn, shall send, by registered mail or certified mail, return receipt requested, a copy of this petition to be served upon said Defendant registered agent for service:

Company Agent, LLC
125 S. King St, Ste, 2a
P.O. Box 1045
Jackson, WY 83001

## IV.    JURISDICTION AND VENUE

4.1    The amount in controversy exceeds the minimal jurisdictional limits of this Court, in that this lawsuit seeks damages in excess of the minimum jurisdictional limits of the district courts in the State of Texas.

4.2    Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads that the value of this case at this time is more than one million dollars ($1,000,000.00).

4.3    Venue of this lawsuit is proper in Willacy County pursuant to TEX. CIV. PRAC. & REM. CODE ANN. §15.002 (General Rule), as all or a substantial part of the events or omissions giving rise to this cause of action occurred in Willacy County, Texas.

## V.    ALTER-EGO

5.1    In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, the Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice. In the event that the true parties are misidentified, Plaintiff hereby asserts reliance upon the doctrine of misidentification.

## VI.    GENERAL ALLEGATIONS OF FACTS

6.1    On or about November 17, 2017, Plaintiff, **JOSHUA PARKS**, while in the course and scope of his employment, was seriously injured when he fell approximately 25" inside a WTG Nacelle, owned by Defendant, **E.ON**, at **Bruenning Breeze** in Raymondville, Willacy County, Texas. Defendants, **E.ON, NORDEX, ACCIONA, BRUENNINGS, IEA, CAPITAL, 3M** and/or **AXIS** exercised or had the right to exercise contractual and actual control over the premises, the work being performed, and safety at the job site. The worksite in question was under the operational direction and control of Defendants **E.ON, NORDEX, ACCIONA, BRUENNINGS, IEA, CAPITAL, 3M** and/or **AXIS**. Defendants were in control of the site and had contractual and actual control of the site and job.

6.2    The cable grab connector grab connector in question was defectively designed, manufactured, marketed, and distributed by Defendants, **3M and CAPITAL**.

6.3    As a result of said incident, Plaintiff, **JOSHUA PARKS**, suffered serious and permanent bodily injuries and damages to his body in general.

## VII.    CLAIMS FOR RELIEF

## NEGLIGENCE OF NORDEX USA, INC., ACCIONA ENERGY USA GLOBAL LLC, BRUENNING'S BREEZE WIND FARM, LLC, IEA CONSTRUCTORS, LLC, and E.ON CLIMATE & RENEWABLES NORTH AMERICA, LLC, CAPITAL SAFETY, LLC, 3M and AXIS RENEWABLE GROUP, INC.

7.1    On the occasion in question, Defendants, E **E.ON, NORDEX, ACCIONA, BRUENNINGS, IEA, CAPITAL, 3M** and/or **AXIS**, its agents, servants, and employees created a dangerous condition, which proximately caused the injuries to Plaintiff. Said Defendants failed to maintain a safe place to work, failed to enforce safety regulations and failed to warn of the dangerous conditions existing on said site of which they had actual and contractual control.

## VIII.
## NEGLIGENCE OF NORDEX USA, INC., ACCIONA ENERGY USA GLOBAL LLC, BRUENNING'S BREEZE WIND FARM, LLC, IEA CONSTRUCTORS, LLC, and E.ON CLIMATE & RENEWABLES NORTH AMERICA, LLC, CAPITAL SAFETY, LLC, 3M and AXIS RENEWABLE GROUP, INC.

8.1    Defendants, owed a duty to Plaintiff to ensure, maintain, properly place, supervise, and inspect the equipment, materials, and procedures used by their employees. Said Defendants owed a duty to Plaintiff to adequately ensure, maintain, and properly place fall protection at the construction site. Said Defendants negligently failed to ensure, maintain, properly place equipment at the construction site, and failed to properly supervise and inspect the individuals, equipment, materials, and procedures used by their employees. The Defendants knowingly and willingly left the work site in an unreasonably dangerous and unsafe condition and without any form of warning, leaving workers exposed to an unreasonably dangerous condition.  As a direct and proximate result, Plaintiff suffered damages as specified herein, for which Plaintiff now sues.

8.2    The Defendants had a duty to use reasonable care to keep the premises and work area under their contractual and actual control in a safe condition.

8.3    The Defendants exercised and/or retained actual control over the work place, individuals, and construction site.

8.4    Plaintiff alleges that each and every one of the aforesaid careless and negligent acts and/or omissions on the part of these Defendants constitutes negligence which was and is the proximate cause and producing cause of the injuries and damages sustained by Plaintiff.

## IX.
## LIABILITY – 3M AND CAPITAL SAFETY, LLC

9.1    The defective connector involved in the injury in question was designed, manufactured, assembled, marketed and/or distributed by Defendants **3M and CAPITAL**.

9.2    Defendants **3M and CAPITAL** designed, manufactured, assembled, marketed and sold/distributed the connector in question, and at the time it did so, was in the business of

designing, manufacturing, assembling, marketing and selling/distributing connectors like the one in question.

9.3     From the time that the connector left the possession of Defendants **3M and CAPITAL** until the time of the accident, the connector remained in the same or substantially similar condition it was in at the time it left the possession of Defendants **3M and CAPITAL.**

9.4     At the time the connector was designed, manufactured, and sold by Defendant **CAPITAL,** it was defective in design and unreasonably dangerous as designed and manufactured.

9.5     No subsequent modification or material alteration was made to the product after it left the possession of Defendants **3M and CAPITAL.** At the time of the accident, the connector was in the same or substantially similar condition as when it left the control of Defendants **3M and CAPITAL.**  At the time of the accident, the connector was in substantially the same condition as it was at the time it was placed into the stream of commerce.

9.6     At the time the connector in question was sold, the defective design of the connector ultimately caused the product to unexpectedly fail to function in a manner reasonably expected by an ordinary consumer and user of said connector.

9.7     The defective and unreasonably dangerous design of the connector was a producing cause of the incident which makes the basis of this lawsuit.

9.8     At the time the connector in question left the possession of Defendants **3M and CAPITAL,** it was defective in manufacture, because it was an unreasonably dangerous product.

9.9     The product was dangerous to an extent beyond that which would be contemplated by the ordinary user of the product with the ordinary knowledge common to the community as to the product's characteristics.

9.10    The defective and unreasonably dangerous manufacture of the connector was a producing cause of the incident which makes the basis of this lawsuit and the damages of Plaintiff.

9.11    At the time the subject connector was marketed, Defendants **3M and CAPITAL** failed to provide adequate warnings of the connector's dangers while it is still within its "useful service life", a warning that would have caught the attention of a reasonably prudent person in the circumstances of the connector's use. The subject connector left Defendants **3M and CAPITAL**'s possession without an adequate warning.

9.12    The subject connector's marketing defect was a producing cause of the incident which makes the basis of this lawsuit and the Plaintiff's damages.

9.13    No mandatory safety standard or regulation adopted by and promulgated by the federal government or an agency of the federal government was applicable to the Defendants **3M and CAPITAL**'s connector at the time they were manufactured that governed the product risk that caused the injuries and damages to the Plaintiff.   To the extent Defendants **3M and CAPITAL** attempt, pursuant to §82.008 of the Texas Civil Practice and Remedies Code, to rely on any standards or regulations of the federal government, such standards or regulations were inadequate to protect against the risk of injury and/or damages that occurred in this accident and/or Defendants **3M and CAPITAL** withheld or misrepresented information to the government regarding the adequacy of the safety standard at issue.

### X.
### DESIGN DEFECT IN
### QUESTION / PRODUCT LIABILITY

10.1    At all times relevant herein, the Defendants **3M and CAPITAL** were in the business of designing, manufacturing, marketing or otherwise distributing cable grab connectors. The connector was defective and unreasonably dangerous at the time it was designed,

manufactured, marketed and distributed.  The defective nature of the design of the connector included defects in design; manufacturing; handling; marketing; instructions; and warnings.  The defective nature of the cable grab connector included the following:

   (a)   The connector is defective in that the design of the characteristics of the steel created an extreme risk of breaking under tension.

   (b)   The steel characteristics created an extreme risk of breaking/failing that is both beyond the expectations of the consumer and creates a risk that far outweighs any benefits associated with the design;

   (c)   The design referred to in 8.1(a) and 8.1(b) created an unreasonable risk of snapping given that the connector was intentionally marketed as "free from defects in materials or workmanship," and warranted that the cable grab connector exceeded breaking strength and characteristics.

   (d)   The connector was defectively marketed in that the consumer was led to believe the cable grab connector was a safe and stable steel connector without providing necessary and adequate warnings and instruction so that an informed choice could be made about purchasing the steel connector;

   (e)   The connector was defective in that it was not designed to provide reasonable and necessary usage of such steel connector.

   10.2   The design defects in the connector in question rendered it defective and unreasonably dangerous, which defective and unreasonably dangerous conditions was/were a producing cause of the breaking of the steel connector in question, the injuries caused thereby, and the damages sought by the Plaintiff.

   10.3   Pursuant to Tex. Civ. Prac. & Rem. Code §82.005, a safer alternative design was economically and technologically feasible at the time the product left the control of Defendants **3M and CAPITAL** and would have prevented or significantly reduced the risk of the breaking of the connector without affecting the utility of the product.

### XI.
### NEGLIGENCE– 3M and CAPITAL SAFETY, LLC

11.1     At the times relevant herein, the Defendants **3M and CAPITAL** were in the business of designing, manufacturing, marketing, and distributing steel cable grab connectors for use. The Defendants **3M and CAPITAL** held themselves out as having special expertise in the industry. As such, the Defendant **CAPITAL** owed Plaintiff a duty to use reasonable care in the design; manufacture; preparation; testing; marketing; instructing; and warnings surrounding the steel cable grab connector. The Defendants **3M and CAPITAL** violated this duty by supplying a cable grab connector that was defective.

11.2     The negligent acts included, but are not limited to the following acts or omissions:

(a)     Negligently designing the cable grab connector from a handling and stability point;

(b)     Negligently designing the cable grab connector with poor resistance;

(c)     Negligently testing of the cable grab connector from a handling and stability standpoint;

(d)     Negligently failing to test the cable grab connector to ensure the design provides reasonable protection in the event of a breaking;

(e)     Failing to adequately train and assist distributors with the dangers associated with the cable grab connector;

(f)     Failing to disclose known problems and defects;

(g)     Negligently marketing the cable grab connector as a safe product;

(h)     Failing to meet or exceed internal corporate guidelines;

(i)     Negligently designing the cable grab connector from a marketing standpoint;

(j)     Failing to comply with the standards that are applicable grab connector in the cable grab connector industry insofar as providing a safe product;

(k)     Failing to comply with applicable grab connector and necessary standards;

(l)     Failing to notify consumers, as required by law, that a defect exists in the cable grab connector that relates to public safety;

(m)     Negligent manufacturing of the cable grab connector;

(n)     Negligent failure to warn of the dangers associated with the cable grab connector;

(o)     Negligent failure to properly test the cable grab connector;

(p)     Negligent failure to warn consumers of a known danger/defect in the cable grab connector;

(q)     Negligent failure to disclose post-sale information known about dangers or defects in the cable grab connector;

(r)     Negligent concealment of the known dangers associated with the cable grab connector;

(s)     Negligent operation of the plant where the cable grab connector was made;

(t)     Negligent quality control procedures resulting in poor quality cable grab connector productions;

(u)     Negligent failure to recall the cable grab connector or, alternatively, to warn consumers of known cable grab connector breakages.

11.3    These acts of negligence was a proximate and producing cause of the breaking of the cable grab connector, injuries resulting there from, and damages sustained by the Plaintiff.

11.4    The dangers referenced earlier were reasonably foreseeable or scientifically discoverable at the time of exposure.

## XII.
## BREACH OF WARRANTY – 3M and CAPITAL SAFETY, LLC

12.1    At all times relevant herein, the Defendants were "merchants" in the business of supplying "goods". The cable grab connector was "goods" and/or "products" sold for consumer usage.

12.2    As such, the Defendants breached the warranties of merchantability and fitness for a particular purpose in that the cable grab connector was not fit for ordinary use or for the intended use for which it was purchased.

12.3    These breaches of warranty proximately resulted in the accident, injuries and

damages suffered by the Plaintiffs. Notice has been provided as required by law.

## XIII.
## GROSS NEGLIGENCE

13.1    Defendants committed gross negligence, which was a proximate cause of the injuries and damages of Plaintiff, and for which Plaintiff is entitled to recover punitive damages, pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code and Article XVI, §26 of the Texas Constitution.

13.2    Plaintiff, **JOSHUA PARKS,** alleges the acts or omission of the Defendants involved an extreme degree of risk and contained a high probability and magnitude of potential harm to others.  Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety and welfare of the Plaintiff.  As a direct and proximate result, Plaintiff suffered damages ad specified herein, for which Plaintiff now sues.

## XIV.
## GROSS NEGLIGENCE AS AGAINST ALL DEFENDANTS

14.1    Defendants were guilty of various acts of gross negligence as set forth herein and each of these acts of gross negligence was a direct and proximate cause of **JOSHUA PARKS's** catastrophic and permanent injuries.

14.2    As a proximate result of the grossly negligent acts committed by Defendants herein, **JOSHUA PARKS** suffered catastrophic and permanent injuries.

14.3    The acts and/or omissions set forth herein were committed with gross negligence, as that term is used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against Defendants herein.

## XV.
## ACTUAL DAMAGES FOR PLAINTIFF, JOSHUA PARKS

15.1    As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants acts and/or omissions as described herein, Plaintiff, **JOSHUA PARKS** was

caused to suffer severe injuries, thereby causing physical impairment, in the past as well as in the future, and the loss of earnings.  Furthermore, Plaintiff also endured anxiety, pain, and mental anguish resulting in damages more fully set forth below.

15.2    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, **JOSHUA PARKS** has incurred the following damages:

A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Willacy County, Texas;

B.    Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

C.    Disfigurement in the past;

D.    Disfigurement in the future;

E.    Physical pain and suffering in the past;

F.    Physical pain and suffering in the future;

G.    Mental anguish in the past;

H.    Mental anguish in the future;

I.    Physical impairment in the past;

J.    Physical impairment which, in all reasonable probability, will be suffered in the future;

K.    Loss of earnings in the past;

L.    Loss of earning capacity which will, in all probability, be incurred in the future;

15.3    The above enumerated damages were proximately caused by the negligence of the Defendants and/or their servants, agents and/or employees acting within the course and scope of their employment and/or agency. Plaintiff, therefore, pleads for an amount of actual damages which the jury deems reasonable, which is in excess of the minimal jurisdictional limits of this court.

## XVI.
## PREJUDGMENT INTEREST

16.1 The Plaintiffs are entitled to recovery of prejudgment interest.

## XVII.
## REQUESTS FOR DISCLOSURE

17.1    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, all parties named

herein as Defendant (s) is/are to disclose, within fifty (50) days of service of this request, the information and material described in the Texas Rules of Civil Procedure 194.2(a)-(l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein; that this cause be set down for a final trial before a jury, that a Judgment be rendered for Plaintiff against Defendants, for actual damages in an amount the jury deems just and reasonable which is in excess of the minimal jurisdictional limits of this Court, along with costs of court, and both post and pre-judgment interest as allowed by law, and for such other and further relief to which Plaintiff may be justly entitled, whether by law or in equity.

Respectfully submitted,

**THE HERRERA LAW FIRM, INC.**
Herrera Plaza
1800 W. Commerce Street
San Antonio, Texas 78207
Telephone:    (210) 224-1054
Facsimile:    (210) 228-0887

BY:  /s/ LAURA E. GUTIERREZ TAMEZ____
LAURA E. GUTIERREZ TAMEZ
State Bar No. 00793869
ltamez@herrerralaw.com
JORGE A. HERRERA
State Bar No. 24044242
Jherrera@herreralaw.com
JAVIER L. HERRERA
State Bar No. 24075498
Javier@herreralaw.com

**ATTORNEYS FOR PLAINTIFF**

CERTIFIED MAIL



7017 1000 0000 3714 4605

**BRAVO'S LEGAL PROCESSING**
14080 NACOGDOCHES ROAD
No. 320
SAN ANTONIO, TX. 78247




**CPU**

U.S. POSTAGE
$7.75
FCMF        0000
Orig: 78247
10/29/19    2S
10460664        06  2S

*Nordex USA, Inc.*

*Reg Agent: Cogency Global Inc.*

*1601 Elm Street, Suite 4360*

Filed 11/05/2019 6:07 PM
Isabel Adame
District Clerk
Willacy County, Texas
Reviewed By: Isabel Mejia

### CAUSE NO. 2019-CV-0377-A

| | | |
|---|---|---|
| **JOSHUA PARKS,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **197TH JUDICIAL DISTRICT** |
| | § | |
| **NORDEX USA, INC., ACCIONA** | § | |
| **ENERGY USA GLOBAL LLC,** | § | |
| **BRUENNING'S BREEZE WIND** | § | |
| **FARM, LLC, IEA CONSTRUCTORS,** | § | |
| **LLC, E.ON CLIMATE &** | § | |
| **RENEWABLES NORTH AMERICA,** | § | |
| **LLC, 3M and CAPITAL SAFETY, LLC** | § | |
| **AND AXIS RENEWABLE GROUP,** | § | **WILLACY COUNTY, TEXAS** |
| **INC.,** | § | |
| | | |
| **Defendants.** | | |

### PLAINTIFF'S FIRST AMENDED PETITION
### AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes **JOSHUA PARKS** (hereinafter referred to as Plaintiff) complaining of **NORDEX USA, INC., ACCIONA ENERGY USA GLOBAL LLC, BRUENNING'S BREEZE WIND FARM, LLC, IEA CONSTRUCTORS, LLC,** and **E.ON CLIMATE & RENEWABLES NORTH AMERICA, LLC, 3M, CAPITAL SAFETY, LLC, AXIS RENEWABLE GROUP, INC., WORLD WIND & SOLAR,** and **CAMPO LEJANO AXIS GRUPO, INC.** (hereinafter referred to as Defendants), and for such cause of action, would respectfully show unto the court as follows:

### I.    DISCOVERY CONTROL PLAN LEVEL

1.1    Plaintiffs plead that discovery should be conducted in accordance with a discovery control plan under rule 190.4 (Level 3) of the Texas Rules of Civil Procedure.

### II.    JURY DEMAND

2.1    Plaintiff has tendered the required fee, and hereby requests a trial by jury.

### III.    PARTIES AND SERVICE

<u>**PLAINTIFFS:**</u>

3.1     Plaintiff, **JOSHUA PARKS,** is a resident of Rowan County, Texas.

<u>**DEFENDANTS:**</u>

3.2     Defendant, **NORDEX USA, INC.** (hereinafter referred to as "**NORDEX**"), is a foreign corporation, organized and existing under the laws of the State of Delaware and authorized to do business in Willacy County, Texas.  No further service is necessary, at this time.

3.3.     Defendant, **ACCIONA ENERGY USA GLOBAL LLC.** (hereinafter referred to as "**ACCIONA**"), is a foreign limited liability company, organized and existing under the laws of the State of Delaware and authorized to do business in Willacy County, Texas.  No further service is necessary, at this time.

3.4.     Defendant, **BRUENNING'S BREEZE WIND FARM, LLC** (hereinafter referred to as "**BRUENNING'S**"), is a foreign limited liability company, organized and existing under the laws of the State of Delaware and authorized to do business in Willacy County, Texas.  No further service is necessary, at this time.

3.5     Defendant, **IEA CONSTRUCTORS, LLC** (hereinafter referred to as "**IEA**"), is a foreign limited liability company, organized and existing under the laws of the State of Wisconsin and authorized to do business in Willacy County, Texas.  No further service is necessary, at this time.

3.6.     Defendant, **E. ON CLIMATE & RENEWABLES NORTH AMERICA, LLC** (hereinafter referred to as "**E.ON**"), is a foreign limited liability company, organized and existing under the laws of the State of Delaware and authorized to do business in Willacy County, Texas.

No further service is necessary, at this time.

3.7     Defendant, **CAPITAL SAFETY, LCC (**hereinafter referred to as "**CAPITAL**"), is a Delaware limited liability company that engages in business in the State of Texas, but has not designated or maintained a resident agent for service of process in the State of Texas. No further service is necessary, at this time.

3.8     Defendant, **3M** (hereinafter referred to as "**3M**"), is a Minnesota corporation with its principal place of business in St. Paul, Minnesota.  3M Company regularly conducts business in the State of Texas.  No further service is necessary, at this time.

3.9.    Defendant, **AXIS RENEWABLE GROUP, INC.** (hereinafter referred to as "**AXIS**"), is a California Domestic Profit Corporation that engages in business in the State of Texas but has not designated or maintained a resident agent for service of process in the State of Texas. Therefore, this Court has jurisdiction over this Defendant pursuant to TEX. CIV. PRAC. & REM. CODE ANN §§17.041 - 17.045 and service of process on said Defendant may be had by serving the Secretary of State of Texas, 1019 Brazos Street, Austin, Texas 78701, pursuant to TEX. CIV. PRAC. & REM. CODE ANN §17.044(b), who, in turn, shall send, by registered mail or certified mail, return receipt requested, a copy of this petition to be served upon said Defendant's President:

> George Tapia, President
> 2305 Historic Decatur Rd
> San Diego, CA 92106

3.10.   Defendant, **WORLD WIND & SOLAR** (hereinafter referred to as "**WWS**"), is a California Domestic Profit Corporation that engages in business in the State of Texas but has not designated or maintained a resident agent for service of process in the State of Texas. Therefore, this Court has jurisdiction over this Defendant pursuant to TEX. CIV. PRAC. & REM. CODE ANN §§17.041 - 17.045 and service of process on said Defendant may be had by serving the Secretary of StatReqe of Texas, 1019 Brazos Street, Austin, Texas 78701, pursuant to TEX. CIV. PRAC. &

REM. CODE ANN §17.044(b), who, in turn, shall send, by registered mail or certified mail, return receipt requested, a copy of this petition to be served upon said Defendant's President:

Nikki Cummings, President
228 W. Tehachapi Blvd.
Tehachapi, CA 93561

3.11.   Defendant, **CAMPO LEJANO AXIS GRUPO, INC**, previously named **AXIS RENEWABLE GROUP, INC.** (hereinafter referred to as "**AXIS**"), is a Wyoming Domestic Profit Corporation that engages in business in the State of Texas but has not designated or maintained a resident agent for service of process in the State of Texas. Therefore, this Court has jurisdiction over this Defendant pursuant to TEX. CIV. PRAC. & REM. CODE ANN §§17.041 - 17.045 and service of process on said Defendant may be had by serving the Secretary of State of Texas, 1019 Brazos Street, Austin, Texas 78701, pursuant to TEX. CIV. PRAC. & REM. CODE ANN §17.044(b), who, in turn, shall send, by registered mail or certified mail, return receipt requested, a copy of this petition to be served upon said Defendant registered agent for service:

Company Agent, LLC
125 S. King St, Ste, 2a
P.O. Box 1045
Jackson, WY 83001

## IV.   JURISDICTION AND VENUE

4.1   The amount in controversy exceeds the minimal jurisdictional limits of this Court, in that this lawsuit seeks damages in excess of the minimum jurisdictional limits of the district courts in the State of Texas.

4.2   Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads that the value of this case at this time is more than one million dollars ($1,000,000.00).

4.3   Venue of this lawsuit is proper in Willacy County pursuant to TEX. CIV. PRAC.

& REM. CODE ANN. §15.002 (General Rule), as all or a substantial part of the events or omissions giving rise to this cause of action occurred in Willacy County, Texas.

## V.      ALTER-EGO

5.1      In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.  Alternatively, the Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice. In the event that the true parties are misidentified, Plaintiff hereby asserts reliance upon the doctrine of misidentification.

## VI.      GENERAL ALLEGATIONS OF FACTS

6.1      On or about November 17, 2017, Plaintiff, **JOSHUA PARKS**, while in the course and scope of his employment, was seriously injured when he fell approximately 25" inside a WTG Nacelle, owned by Defendant, **E.ON**, at **Bruenning Breeze** in Raymondville, Willacy County, Texas. Defendants, **E.ON, NORDEX, ACCIONA, BRUENNINGS, IEA, CAPITAL, 3M, AXIS** and/or **WWS** exercised or had the right to exercise contractual and actual control over the premises, the work being performed, and safety at the job site. The worksite in question was under the operational direction and control of Defendants **E.ON, NORDEX, ACCIONA, BRUENNINGS, IEA, CAPITAL, 3M, AXIS** and/or **WWS**. Defendants were in control of the site and had contractual and actual control of the site and job.

6.2      The cable grab connector grab connector in question was defectively designed, manufactured, marketed, and distributed by Defendants, **3M and CAPITAL**.

6.3      As a result of said incident, Plaintiff, **JOSHUA PARKS**, suffered serious and permanent bodily injuries and damages to his body in general.

## VII.      CLAIMS FOR RELIEF

**NEGLIGENCE OF NORDEX USA, INC., ACCIONA ENERGY USA GLOBAL LLC, BRUENNING'S BREEZE WIND FARM, LLC, IEA CONSTRUCTORS, LLC, and E.ON CLIMATE & RENEWABLES NORTH AMERICA, LLC, CAPITAL SAFETY, LLC, 3M, AXIS RENEWABLE GROUP, INC., WORLD WIND & SOLAR, AND CAMPO LEJANO AXIS GRUPO, INC.**

7.1     On the occasion in question, Defendants, **E E.ON, NORDEX, ACCIONA, BRUENNINGS, IEA, CAPITAL, 3M, AXIS** and/or **WWS,** its agents, servants, and employees created a dangerous condition, which proximately caused the injuries to Plaintiff. Said Defendants failed to maintain a safe place to work, failed to enforce safety regulations and failed to warn of the dangerous conditions existing on said site of which they had actual and contractual control.

**VIII.**
**NEGLIGENCE OF NORDEX USA, INC., ACCIONA ENERGY USA GLOBAL LLC, BRUENNING'S BREEZE WIND FARM, LLC, IEA CONSTRUCTORS, LLC, and E.ON CLIMATE & RENEWABLES NORTH AMERICA, LLC, CAPITAL SAFETY, LLC, 3M AXIS RENEWABLE GROUP, INC. WORLD WIND & SOLAR, AND CAMPO LEJANO AXIS GRUPO, INC.**

8.1     Defendants, owed a duty to Plaintiff to ensure, maintain, properly place, supervise, and inspect the equipment, materials, and procedures used by their employees. Said Defendants owed a duty to Plaintiff to adequately ensure, maintain, and properly place fall protection at the construction site. Said Defendants negligently failed to ensure, maintain, properly place equipment at the construction site, and failed to properly supervise and inspect the individuals, equipment, materials, and procedures used by their employees. The Defendants knowingly and willingly left the work site in an unreasonably dangerous and unsafe condition and without any form of warning, leaving workers exposed to an unreasonably dangerous condition.  As a direct and proximate result, Plaintiff suffered damages as specified herein, for which Plaintiff now sues.

8.2     The Defendants had a duty to use reasonable care to keep the premises and work area under their contractual and actual control in a safe condition.

8.3     The Defendants exercised and/or retained actual control over the work place, individuals, and construction site.

8.4     Plaintiff alleges that each and every one of the aforesaid careless and negligent acts and/or omissions on the part of these Defendants constitutes negligence which was and is the proximate cause and producing cause of the injuries and damages sustained by Plaintiff.

## IX.
## LIABILITY – 3M AND CAPITAL SAFETY, LLC

9.1     The defective connector involved in the injury in question was designed, manufactured, assembled, marketed and/or distributed by Defendants **3M and CAPITAL**.

9.2     Defendants **3M and CAPITAL** designed, manufactured, assembled, marketed and sold/distributed the connector in question, and at the time it did so, was in the business of designing, manufacturing, assembling, marketing and selling/distributing connectors like the one in question.

9.3     From the time that the connector left the possession of Defendants **3M and CAPITAL** until the time of the accident, the connector remained in the same or substantially similar condition it was in at the time it left the possession of Defendants **3M and CAPITAL**.

9.4     At the time the connector was designed, manufactured, and sold by Defendant **CAPITAL**, it was defective in design and unreasonably dangerous as designed and manufactured.

9.5     No subsequent modification or material alteration was made to the product after it left the possession of Defendants **3M and CAPITAL**. At the time of the accident, the connector was in the same or substantially similar condition as when it left the control of Defendants **3M and CAPITAL**.  At the time of the accident, the connector was in substantially the same condition as it was at the time it was placed into the stream of commerce.

9.6     At the time the connector in question was sold, the defective design of the connector ultimately caused the product to unexpectedly fail to function in a manner reasonably expected by an ordinary consumer and user of said connector.

9.7     The defective and unreasonably dangerous design of the connector was a producing cause of the incident which makes the basis of this lawsuit.

9.8     At the time the connector in question left the possession of Defendants **3M and CAPITAL**, it was defective in manufacture, because it was an unreasonably dangerous product.

9.9     The product was dangerous to an extent beyond that which would be contemplated by the ordinary user of the product with the ordinary knowledge common to the community as to the product's characteristics.

9.10    The defective and unreasonably dangerous manufacture of the connector was a producing cause of the incident which makes the basis of this lawsuit and the damages of Plaintiff.

9.11    At the time the subject connector was marketed, Defendants **3M and CAPITAL** failed to provide adequate warnings of the connector's dangers while it is still within its "useful service life", a warning that would have caught the attention of a reasonably prudent person in the circumstances of the connector's use. The subject connector left Defendants **3M and CAPITAL**'s possession without an adequate warning.

9.12    The subject connector's marketing defect was a producing cause of the incident which makes the basis of this lawsuit and the Plaintiff's damages.

9.13    No mandatory safety standard or regulation adopted by and promulgated by the federal government or an agency of the federal government was applicable to the Defendants **3M and CAPITAL**'s connector at the time they were manufactured that governed the product risk that caused the injuries and damages to the Plaintiff.  To the extent Defendants **3M and CAPITAL** attempt, pursuant to §82.008 of the Texas Civil Practice and Remedies Code, to rely on any standards or regulations of the federal government, such standards or regulations were inadequate to protect against the risk of injury and/or damages that occurred in this accident and/or Defendants **3M and CAPITAL** withheld or misrepresented information to the government regarding the

adequacy of the safety standard at issue.

## X.
## DESIGN DEFECT IN
## QUESTION / PRODUCT LIABILITY

10.1    At all times relevant herein, the Defendants **3M and CAPITAL** were in the business of designing, manufacturing, marketing or otherwise distributing cable grab connectors. The connector was defective and unreasonably dangerous at the time it was designed, manufactured, marketed and distributed.  The defective nature of the design of the connector included defects in design; manufacturing; handling; marketing; instructions; and warnings.  The defective nature of the cable grab connector included the following:

(a)    The connector is defective in that the design of the characteristics of the steel created an extreme risk of breaking under tension.

(b)    The steel characteristics created an extreme risk of breaking/failing that is both beyond the expectations of the consumer and creates a risk that far outweighs any benefits associated with the design;

(c)    The design referred to in 8.1(a) and 8.1(b) created an unreasonable risk of snapping given that the connector was intentionally marketed as "free from defects in materials or workmanship," and warranted that the cable grab connector exceeded breaking strength and characteristics.

(d)    The connector was defectively marketed in that the consumer was led to believe the cable grab connector was a safe and stable steel connector without providing necessary and adequate warnings and instruction so that an informed choice could be made about purchasing the steel connector;

(e)    The connector was defective in that it was not designed to provide reasonable and necessary usage of such steel connector.

10.2    The design defects in the connector in question rendered it defective and unreasonably dangerous, which defective and unreasonably dangerous conditions was/were a producing cause of the breaking of the steel connector in question, the injuries caused thereby, and the damages sought by the Plaintiff.

10.3    Pursuant to Tex. Civ. Prac. & Rem. Code §82.005, a safer alternative design was economically and technologically feasible at the time the product left the control of Defendants **3M and CAPITAL** and would have prevented or significantly reduced the risk of the breaking of the connector without affecting the utility of the product.

## XI.
## NEGLIGENCE– 3M and CAPITAL SAFETY, LLC

11.1    At the times relevant herein, the Defendants **3M and CAPITAL** were in the business of designing, manufacturing, marketing, and distributing steel cable grab connectors for use.  The Defendants **3M and CAPITAL** held themselves out as having special expertise in the industry.  As such, the Defendant **CAPITAL** owed Plaintiff a duty to use reasonable care in the design; manufacture; preparation; testing; marketing; instructing; and warnings surrounding the steel cable grab connector.  The Defendants **3M and CAPITAL** violated this duty by supplying a cable grab connector that was defective.

11.2    The negligent acts included, but are not limited to the following acts or omissions:

(a)    Negligently designing the cable grab connector from a handling and stability point;

(b)    Negligently designing the cable grab connector with poor resistance;

(c)    Negligently testing of the cable grab connector from a handling and stability standpoint;

(d)    Negligently failing to test the cable grab connector to ensure the design provides reasonable protection in the event of a breaking;

(e)    Failing to adequately train and assist distributors with the dangers associated with the cable grab connector;

(f)    Failing to disclose known problems and defects;

(g)    Negligently marketing the cable grab connector as a safe product;

(h)    Failing to meet or exceed internal corporate guidelines;

(i)    Negligently designing the cable grab connector from a marketing standpoint;

(j)      Failing to comply with the standards that are applicable grab connector in the cable grab connector industry insofar as providing a safe product;

(k)      Failing to comply with applicable grab connector and necessary standards;

(l)      Failing to notify consumers, as required by law, that a defect exists in the cable grab connector that relates to public safety;

(m)      Negligent manufacturing of the cable grab connector;

(n)      Negligent failure to warn of the dangers associated with the cable grab connector;

(o)      Negligent failure to properly test the cable grab connector;

(p)      Negligent failure to warn consumers of a known danger/defect in the cable grab connector;

(q)      Negligent failure to disclose post-sale information known about dangers or defects in the cable grab connector;

(r)      Negligent concealment of the known dangers associated with the cable grab connector;

(s)      Negligent operation of the plant where the cable grab connector was made;

(t)      Negligent quality control procedures resulting in poor quality cable grab connector productions;

(u)      Negligent failure to recall the cable grab connector or, alternatively, to warn consumers of known cable grab connector breakages.

11.3    These acts of negligence was a proximate and producing cause of the breaking of the cable grab connector, injuries resulting there from, and damages sustained by the Plaintiff.

11.4    The dangers referenced earlier were reasonably foreseeable or scientifically discoverable at the time of exposure.

## XII.
## BREACH OF WARRANTY – 3M and CAPITAL SAFETY, LLC

12.1    At all times relevant herein, the Defendants were "merchants" in the business of supplying "goods".  The cable grab connector was "goods" and/or "products" sold for consumer usage.

12.2    As such, the Defendants breached the warranties of merchantability and fitness for a particular purpose in that the cable grab connector was not fit for ordinary use or for the intended use for which it was purchased.

12.3    These breaches of warranty proximately resulted in the accident, injuries and damages suffered by the Plaintiffs. Notice has been provided as required by law.

## XIII.
## GROSS NEGLIGENCE

13.1    Defendants committed gross negligence, which was a proximate cause of the injuries and damages of Plaintiff, and for which Plaintiff is entitled to recover punitive damages, pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code and Article XVI, §26 of the Texas Constitution.

13.2    Plaintiff, **JOSHUA PARKS,** alleges the acts or omission of the Defendants involved an extreme degree of risk and contained a high probability and magnitude of potential harm to others. Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety and welfare of the Plaintiff.  As a direct and proximate result, Plaintiff suffered damages ad specified herein, for which Plaintiff now sues.

## XIV.
## GROSS NEGLIGENCE AS AGAINST ALL DEFENDANTS

14.1    Defendants were guilty of various acts of gross negligence as set forth herein and each of these acts of gross negligence was a direct and proximate cause of **JOSHUA PARKS**'s catastrophic and permanent injuries.

14.2    As a proximate result of the grossly negligent acts committed by Defendants herein,

**JOSHUA PARKS** suffered catastrophic and permanent injuries.

14.3     The acts and/or omissions set forth herein were committed with gross negligence, as that term is used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against Defendants herein.

**XV.**
**ACTUAL DAMAGES FOR PLAINTIFF, JOSHUA PARKS**

15.1     As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants acts and/or omissions as described herein, Plaintiff, **JOSHUA PARKS** was caused to suffer severe injuries, thereby causing physical impairment, in the past as well as in the future, and the loss of earnings.   Furthermore, Plaintiff also endured anxiety, pain, and mental anguish resulting in damages more fully set forth below.

15.2     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, **JOSHUA PARKS** has incurred the following damages:

     A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Willacy County, Texas;

     B.    Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

     C.    Disfigurement in the past;

     D.    Disfigurement in the future;

     E.    Physical pain and suffering in the past;

     F.    Physical pain and suffering in the future;

     G.    Mental anguish in the past;

     H.    Mental anguish in the future;

     I.    Physical impairment in the past;

     J.    Physical impairment which, in all reasonable probability, will be suffered in the future;

     K.    Loss of earnings in the past;

     L.    Loss of earning capacity which will, in all probability, be incurred in the future;

15.3     The above enumerated damages were proximately caused by the negligence of the Defendants and/or their servants, agents and/or employees acting within the course and scope of their employment and/or agency. Plaintiff, therefore, pleads for an amount of actual damages

which the jury deems reasonable, which is in excess of the minimal jurisdictional limits of this court.

## XVI.
## PREJUDGMENT INTEREST

16.1 The Plaintiffs are entitled to recovery of prejudgment interest.

## XVII.
## REQUESTS FOR DISCLOSURE

17.1     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, all parties named herein as Defendant (s) is/are to disclose, within fifty (50) days of service of this request, the information and material described in the Texas Rules of Civil Procedure 194.2(a)-(l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein; that this cause be set down for a final trial before a jury, that a Judgment be rendered for Plaintiff against Defendants, for actual damages in an amount the jury deems just and reasonable which is in excess of the minimal jurisdictional limits of this Court, along with costs of court, and both post and pre-judgment interest as allowed by law, and for such other and further relief to which Plaintiff may be justly entitled, whether by law or in equity.

Respectfully submitted,

**THE HERRERA LAW FIRM, INC.**
Herrera Plaza
1800 W. Commerce Street
San Antonio, Texas 78207
Telephone:     (210) 224-1054
Facsimile:     (210) 228-0887

BY:  /s/ LAURA E. GUTIERREZ TAMEZ
LAURA E. GUTIERREZ TAMEZ
State Bar No. 00793869
ltamez@herrerlaw.com
JORGE A. HERRERA
State Bar No. 24044242

Jherrera@herreralaw.com
JAVIER L. HERRERA
State Bar No. 24075498
Javier@herreralaw.com

**ATTORNEYS FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 15th day of November 2019, a true and correct copy of the above and foregoing document has been forwarded in accordance with T.R.C.P.21a to the following:

/s/ LAURA E. GUTIERREZ TAMEZ
LAURA E. GUTIERREZ TAMEZ

CAUSE NO. 2019-CV-0377-A

| | | |
|---|---|---|
| **JOSHUA PARKS,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **197TH JUDICIAL DISTRICT** |
| | § | |
| **NORDEX USA, INC., ACCIONA** | § | |
| **ENERGY USA GLOBAL LLC,** | § | |
| **BRUENNING'S BREEZE WIND** | § | |
| **FARM, LLC, IEA CONSTRUCTORS,** | § | |
| **LLC, E.ON CLIMATE &** | § | |
| **RENEWABLES NORTH AMERICA,** | § | |
| **LLC, 3M and CAPITAL SAFETY, LLC** | § | |
| **AND AXIS RENEWABLE GROUP,** | § | **WILLACY COUNTY, TEXAS** |
| **INC.,** | | |
| | | |
| **Defendants.** | | |

## PLAINTIFF'S SECOND AMENDED PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes **JOSHUA PARKS** (hereinafter referred to as Plaintiff) complaining of **NORDEX USA, INC., ACCIONA ENERGY USA GLOBAL LLC, BRUENNING'S BREEZE WIND FARM, LLC, IEA CONSTRUCTORS, LLC,** and **E.ON CLIMATE & RENEWABLES NORTH AMERICA, LLC, 3M, CAPITAL SAFETY, LLC, AXIS RENEWABLE GROUP, INC., WORLD WIND & SOLAR, CAMPO LEJANO AXIS GRUPO, INC., ACCIONA WINDPOWER NORTH AMERICA, LLC AND FIRST NATIONAL BANK** (hereinafter referred to as Defendants), and for such cause of action, would respectfully show unto the court as follows:

### I.    DISCOVERY CONTROL PLAN LEVEL

1.1    Plaintiffs plead that discovery should be conducted in accordance with a discovery control plan under rule 190.4 (Level 3) of the Texas Rules of Civil Procedure.

### II.    JURY DEMAND

2.1     Plaintiff has tendered the required fee, and hereby requests a trial by jury.

### III.    PARTIES AND SERVICE

**PLAINTIFFS:**

3.1     Plaintiff, **JOSHUA PARKS,** is a resident of Rowan County, Texas.

**DEFENDANTS:**

3.2     Defendant, **NORDEX USA, INC.** (hereinafter referred to as "**NORDEX**"), is a foreign corporation, organized and existing under the laws of the State of Delaware and authorized to do business in Willacy County, Texas.  No further service is necessary, at this time.

3.3.     Defendant, **ACCIONA ENERGY USA GLOBAL LLC.** (hereinafter referred to as "**ACCIONA**"), is a foreign limited liability company, organized and existing under the laws of the State of Delaware and authorized to do business in Willacy County, Texas.  No further service is necessary, at this time.

3.4.     Defendant, **BRUENNING'S BREEZE WIND FARM, LLC** (hereinafter referred to as "**BRUENNING'S**"), is a foreign limited liability company, organized and existing under the laws of the State of Delaware and authorized to do business in Willacy County, Texas.  No further service is necessary, at this time.

3.5     Defendant, **IEA CONSTRUCTORS, LLC** (hereinafter referred to as "**IEA**"), is a foreign limited liability company, organized and existing under the laws of the State of Wisconsin and authorized to do business in Willacy County, Texas.  No further service is necessary, at this time.

3.6.     Defendant, **E. ON CLIMATE & RENEWABLES NORTH AMERICA, LLC** (hereinafter referred to as "**E.ON**"), is a foreign limited liability company, organized and existing

under the laws of the State of Delaware and authorized to do business in Willacy County, Texas. No further service is necessary, at this time.

3.7    Defendant, **CAPITAL SAFETY, LCC (**hereinafter referred to as "**CAPITAL**"), is a Delaware limited liability company that engages in business in the State of Texas but has not designated or maintained a resident agent for service of process in the State of Texas. No further service is necessary, at this time.

3.8    Defendant, **3M** (hereinafter referred to as "**3M**"), is a Minnesota corporation with its principal place of business in St. Paul, Minnesota.  3M Company regularly conducts business in the State of Texas. Service is requested pursuant to TEX. R. CIV. P. 103 and 106(a) (2) permitting the clerk of the court to serve Defendant by mailing to Defendant by registered or certified mail, return receipt requested, a true and correct copy of the citation with service of process.  Service may be had on Defendant's registered agent for service:

Corporation Service Company d/b/a CSC-Lawyers Incorporating Service
211 E. 7th Street Suite 620
Austin, Texas 78701

3.9.    Defendant, **AXIS RENEWABLE GROUP, INC.** (hereinafter referred to as "**AXIS**"), is a California Domestic Profit Corporation that engages in business in the State of Texas but has not designated or maintained a resident agent for service of process in the State of Texas. No further service is necessary, at this time.

3.10.    Defendant, **WORLD WIND & SOLAR** (hereinafter referred to as "**WWS**"), is a California Domestic Profit Corporation that engages in business in the State of Texas but has not designated or maintained a resident agent for service of process in the State of Texas. No further service is necessary, at this time.

3.11.    Defendant, **CAMPO LEJANO AXIS GRUPO, INC**, previously named **AXIS RENEWABLE GROUP, INC.** (hereinafter referred to as "**AXIS**"), is a Wyoming Domestic

Profit Corporation that engages in business in the State of Texas but has not designated or maintained a resident agent for service of process in the State of Texas. No further service is necessary, at this time.

3.12.    Defendant, **ACCIONA WINDPOWER NORTH AMERICA, LLC.** (hereinafter referred to as "**ACCIONA WINDPOWER**"), is a foreign corporation, organized and existing under the laws of the State of Delaware and authorized to do business in the State of Texas, but has not designated or maintained a resident agent for service of process in the State of Texas. Therefore, this Court has jurisdiction over this Defendant pursuant to TEX. CIV. PRAC. & REM. CODE ANN §§17.041 - 17.045 and service of process on said Defendant may be had by serving the Secretary of State of Texas, 1019 Brazos Street, Austin, Texas 78701, pursuant to TEX. CIV. PRAC. & REM. CODE ANN §17.044(b), who, in turn, shall send, by registered mail or certified mail, return receipt requested, a copy of this petition to be served upon said Defendant registered agent for service:

The Corporation Trust Company
Corporation Trust Center 1209 Orange Street
Willington, Delaware 19801

3.13.    Defendant, **ACCIONA WINDPOWER NORTH AMERICA, LLC.** (hereinafter referred to as "**ACCIONA WINDPOWER**"), is a foreign corporation, organized and existing under the laws of the State of Oregon and authorized to do business in the State of Texas. Therefore, this Court has jurisdiction over this Defendant pursuant to TEX. CIV. PRAC. & REM. CODE ANN §§17.041 - 17.045 and service of process on said Defendant may be had by serving the Secretary of State of Texas, 1019 Brazos Street, Austin, Texas 78701, pursuant to TEX. CIV. PRAC. & REM. CODE ANN §17.044(b), who, in turn, shall send, by registered mail or certified mail, return receipt requested, a copy of this petition to be served upon said Defendant registered agent for service:

Erik Emerick
2235 Crestview Drive
West Linn, OR 97068

3.14.    Defendant, **FIRST NATIONAL BANK** (hereinafter referred to as "**FIRST NATIONAL**"), is a foreign financial institution authorized to do business in the State of Texas. Service is requested pursuant to TEX. R. CIV. P. 103 and 106(a) (2) permitting the clerk of the court to serve Defendant by mailing to Defendant by registered or certified mail, return receipt requested, a true and correct copy of the citation with service of process.  Service may be had on Defendant's registered agent for service:

Jerry Foote
1224 N. Hobart
Pampa, Texas 79066

## IV.    <u>JURISDICTION AND VENUE</u>

4.1    The amount in controversy exceeds the minimal jurisdictional limits of this Court, in that this lawsuit seeks damages in excess of the minimum jurisdictional limits of the district courts in the State of Texas.

4.2    Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads that the value of this case at this time is more than one million dollars ($1,000,000.00).

4.3    Venue of this lawsuit is proper in Willacy County pursuant to TEX. CIV. PRAC. & REM. CODE ANN. §15.002 (General Rule), as all or a substantial part of the events or omissions giving rise to this cause of action occurred in Willacy County, Texas.

## V.    <u>ALTER-EGO</u>

5.1    In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named

herein.  Alternatively, the Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice. In the event that the true parties are misidentified, Plaintiff hereby asserts reliance upon the doctrine of misidentification.

## VI.   GENERAL ALLEGATIONS OF FACTS

6.1     On or about November 17, 2017, Plaintiff, **JOSHUA PARKS**, while in the course and scope of his employment, was seriously injured when he fell approximately 25" inside a WTG Nacelle, owned by Defendant, **E.ON**, at **Bruenning Breeze** in Raymondville, Willacy County, Texas. Defendants, **E.ON, NORDEX, ACCIONA, BRUENNINGS, IEA, CAPITAL, 3M, AXIS, WWS, ACCIONA WINDPOWER AND/OR FIRST NATIONAL** exercised or had the right to exercise contractual and actual control over the premises, the work being performed, and safety at the job site. The worksite in question was under the operational direction and control of Defendants **E.ON, NORDEX, ACCIONA, BRUENNINGS, IEA, CAPITAL, 3M, AXIS, WWS** and/or **ACCIONA WINDPOWER**. Defendants were in control of the site and had contractual and actual control of the site and job.

6.2     The cable grab connector grab connector in question was defectively designed, manufactured, marketed, and distributed by Defendants, **3M and CAPITAL**.

6.3     As a result of said incident, Plaintiff, **JOSHUA PARKS**, suffered serious and permanent bodily injuries and damages to his body in general.

## VII.   CLAIMS FOR RELIEF

**NEGLIGENCE OF NORDEX USA, INC., ACCIONA ENERGY USA GLOBAL LLC, BRUENNING'S BREEZE WIND FARM, LLC, IEA CONSTRUCTORS, LLC, and E.ON CLIMATE & RENEWABLES NORTH AMERICA, LLC, CAPITAL SAFETY, LLC, 3M, AXIS RENEWABLE GROUP, INC., WORLD WIND & SOLAR, CAMPO LEJANO AXIS GRUPO, INC., ACCIONA WINDPOWER NORTH AMERICA, LLC AND FIRST NATIONAL BANK**

7.1     On the occasion in question, Defendants, **E E.ON, NORDEX, ACCIONA,**

**BRUENNINGS, IEA, CAPITAL, 3M, AXIS, WWS, ACCIONA WINDPOWE AND FIRST NATIONAL BANK** its agents, servants, and employees created a dangerous condition, which proximately caused the injuries to Plaintiff. Said Defendants failed to maintain a safe place to work, failed to enforce safety regulations and failed to warn of the dangerous conditions existing on said site of which they had actual and contractual control.

**VIII.**

**NEGLIGENCE OF NORDEX USA, INC., ACCIONA ENERGY USA GLOBAL LLC, BRUENNING'S BREEZE WIND FARM, LLC, IEA CONSTRUCTORS, LLC, and E.ON CLIMATE & RENEWABLES NORTH AMERICA, LLC, CAPITAL SAFETY, LLC, 3M AXIS RENEWABLE GROUP, INC. WORLD WIND & SOLAR, CAMPO LEJANO AXIS GRUPO, INC, ACCIONA WINDPOWER NORTH AMERICA, LLC AND FIRST NATIONAL BANK**

8.1     Defendants, owed a duty to Plaintiff to ensure, maintain, properly place, supervise, and inspect the equipment, materials, and procedures used by their employees. Said Defendants owed a duty to Plaintiff to adequately ensure, maintain, and properly place fall protection at the construction site. Said Defendants negligently failed to ensure, maintain, properly place equipment at the construction site, and failed to properly supervise and inspect the individuals, equipment, materials, and procedures used by their employees. The Defendants knowingly and willingly left the work site in an unreasonably dangerous and unsafe condition and without any form of warning, leaving workers exposed to an unreasonably dangerous condition.  As a direct and proximate result, Plaintiff suffered damages as specified herein, for which Plaintiff now sues.

8.2     The Defendants had a duty to use reasonable care to keep the premises and work area under their contractual and actual control in a safe condition.

8.3     The Defendants exercised and/or retained actual control over the work place, individuals, and construction site.

8.4     Plaintiff alleges that each and every one of the aforesaid careless and negligent acts and/or omissions on the part of these Defendants constitutes negligence which was and is the

proximate cause and producing cause of the injuries and damages sustained by Plaintiff.

## IX.
## LIABILITY – 3M AND CAPITAL SAFETY, LLC

9.1     The defective connector involved in the injury in question was designed, manufactured, assembled, marketed and/or distributed by Defendants **3M and CAPITAL**.

9.2     Defendants **3M and CAPITAL** designed, manufactured, assembled, marketed and sold/distributed the connector in question, and at the time it did so, was in the business of designing, manufacturing, assembling, marketing and selling/distributing connectors like the one in question.

9.3     From the time that the connector left the possession of Defendants **3M and CAPITAL** until the time of the accident, the connector remained in the same or substantially similar condition it was in at the time it left the possession of Defendants **3M and CAPITAL**.

9.4     At the time the connector was designed, manufactured, and sold by Defendant **CAPITAL**, it was defective in design and unreasonably dangerous as designed and manufactured.

9.5     No subsequent modification or material alteration was made to the product after it left the possession of Defendants **3M and CAPITAL**. At the time of the accident, the connector was in the same or substantially similar condition as when it left the control of Defendants **3M and CAPITAL**.  At the time of the accident, the connector was in substantially the same condition as it was at the time it was placed into the stream of commerce.

9.6     At the time the connector in question was sold, the defective design of the connector ultimately caused the product to unexpectedly fail to function in a manner reasonably expected by an ordinary consumer and user of said connector.

9.7     The defective and unreasonably dangerous design of the connector was a producing cause of the incident which makes the basis of this lawsuit.

9.8     At the time the connector in question left the possession of Defendants **3M and CAPITAL**, it was defective in manufacture, because it was an unreasonably dangerous product.

9.9     The product was dangerous to an extent beyond that which would be contemplated by the ordinary user of the product with the ordinary knowledge common to the community as to the product's characteristics.

9.10    The defective and unreasonably dangerous manufacture of the connector was a producing cause of the incident which makes the basis of this lawsuit and the damages of Plaintiff.

9.11    At the time the subject connector was marketed, Defendants **3M and CAPITAL** failed to provide adequate warnings of the connector's dangers while it is still within its "useful service life", a warning that would have caught the attention of a reasonably prudent person in the circumstances of the connector's use. The subject connector left Defendants **3M and CAPITAL**'s possession without an adequate warning.

9.12    The subject connector's marketing defect was a producing cause of the incident which makes the basis of this lawsuit and the Plaintiff's damages.

9.13    No mandatory safety standard or regulation adopted by and promulgated by the federal government or an agency of the federal government was applicable to the Defendants **3M and CAPITAL**'s connector at the time they were manufactured that governed the product risk that caused the injuries and damages to the Plaintiff.  To the extent Defendants **3M and CAPITAL** attempt, pursuant to §82.008 of the Texas Civil Practice and Remedies Code, to rely on any standards or regulations of the federal government, such standards or regulations were inadequate to protect against the risk of injury and/or damages that occurred in this accident and/or Defendants **3M and CAPITAL** withheld or misrepresented information to the government regarding the adequacy of the safety standard at issue.

**X.**

## DESIGN DEFECT IN
## QUESTION / PRODUCT LIABILITY

10.1    At all times relevant herein, the Defendants **3M and CAPITAL** were in the

business of designing, manufacturing, marketing or otherwise distributing cable grab connectors.

The connector was defective and unreasonably dangerous at the time it was designed,

manufactured, marketed and distributed.  The defective nature of the design of the connector

included defects in design; manufacturing; handling; marketing; instructions; and warnings.  The

defective nature of the cable grab connector included the following:

(a)    The connector is defective in that the design of the characteristics of the steel created an extreme risk of breaking under tension.

(b)    The steel characteristics created an extreme risk of breaking/failing that is both beyond the expectations of the consumer and creates a risk that far outweighs any benefits associated with the design;

(c)    The design referred to in 8.1(a) and 8.1(b) created an unreasonable risk of snapping given that the connector was intentionally marketed as "free from defects in materials or workmanship," and warranted that the cable grab connector exceeded breaking strength and characteristics.

(d)    The connector was defectively marketed in that the consumer was led to believe the cable grab connector was a safe and stable steel connector without providing necessary and adequate warnings and instruction so that an informed choice could be made about purchasing the steel connector;

(e)    The connector was defective in that it was not designed to provide reasonable and necessary usage of such steel connector.

10.2    The design defects in the connector in question rendered it defective and

unreasonably dangerous, which defective and unreasonably dangerous conditions was/were a

producing cause of the breaking of the steel connector in question, the injuries caused thereby, and

the damages sought by the Plaintiff.

10.3    Pursuant to Tex. Civ. Prac. & Rem. Code §82.005, a safer alternative design was

economically and technologically feasible at the time the product left the control of Defendants

**3M and CAPITAL** and would have prevented or significantly reduced the risk of the breaking of the connector without affecting the utility of the product.

## XI.
## NEGLIGENCE– 3M and CAPITAL SAFETY, LLC

11.1    At the times relevant herein, the Defendants **3M and CAPITAL** were in the business of designing, manufacturing, marketing, and distributing steel cable grab connectors for use.  The Defendants **3M and CAPITAL** held themselves out as having special expertise in the industry.  As such, the Defendant **CAPITAL** owed Plaintiff a duty to use reasonable care in the design; manufacture; preparation; testing; marketing; instructing; and warnings surrounding the steel cable grab connector.  The Defendants **3M and CAPITAL** violated this duty by supplying a cable grab connector that was defective.

11.2    The negligent acts included, but are not limited to the following acts or omissions:

(a)    Negligently designing the cable grab connector from a handling and stability point;

(b)    Negligently designing the cable grab connector with poor resistance;

(c)    Negligently testing of the cable grab connector from a handling and stability standpoint;

(d)    Negligently failing to test the cable grab connector to ensure the design provides reasonable protection in the event of a breaking;

(e)    Failing to adequately train and assist distributors with the dangers associated with the cable grab connector;

(f)    Failing to disclose known problems and defects;

(g)    Negligently marketing the cable grab connector as a safe product;

(h)    Failing to meet or exceed internal corporate guidelines;

(i)    Negligently designing the cable grab connector from a marketing standpoint;

(j)    Failing to comply with the standards that are applicable grab connector in the cable grab connector industry insofar as providing a safe product;

(k)      Failing to comply with applicable grab connector and necessary standards;

(l)      Failing to notify consumers, as required by law, that a defect exists in the cable grab connector that relates to public safety;

(m)      Negligent manufacturing of the cable grab connector;

(n)      Negligent failure to warn of the dangers associated with the cable grab connector;

(o)      Negligent failure to properly test the cable grab connector;

(p)      Negligent failure to warn consumers of a known danger/defect in the cable grab connector;

(q)      Negligent failure to disclose post-sale information known about dangers or defects in the cable grab connector;

(r)      Negligent concealment of the known dangers associated with the cable grab connector;

(s)      Negligent operation of the plant where the cable grab connector was made;

(t)      Negligent quality control procedures resulting in poor quality cable grab connector productions;

(u)      Negligent failure to recall the cable grab connector or, alternatively, to warn consumers of known cable grab connector breakages.

11.3      These acts of negligence was a proximate and producing cause of the breaking of the cable grab connector, injuries resulting there from, and damages sustained by the Plaintiff.

11.4      The dangers referenced earlier were reasonably foreseeable or scientifically discoverable at the time of exposure.

## XII.
## BREACH OF WARRANTY – 3M and CAPITAL SAFETY, LLC

12.1      At all times relevant herein, the Defendants were "merchants" in the business of supplying "goods".  The cable grab connector was "goods" and/or "products" sold for consumer usage.

12.2    As such, the Defendants breached the warranties of merchantability and fitness for a particular purpose in that the cable grab connector was not fit for ordinary use or for the intended use for which it was purchased.

12.3    These breaches of warranty proximately resulted in the accident, injuries and damages suffered by the Plaintiffs. Notice has been provided as required by law.

## XIII.
## GROSS NEGLIGENCE

13.1    Defendants committed gross negligence, which was a proximate cause of the injuries and damages of Plaintiff, and for which Plaintiff is entitled to recover punitive damages, pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code and Article XVI, §26 of the Texas Constitution.

13.2    Plaintiff, **JOSHUA PARKS,** alleges the acts or omission of the Defendants involved an extreme degree of risk and contained a high probability and magnitude of potential harm to others. Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety and welfare of the Plaintiff.  As a direct and proximate result, Plaintiff suffered damages ad specified herein, for which Plaintiff now sues.

## XIV.
## GROSS NEGLIGENCE AS AGAINST ALL DEFENDANTS

14.1    Defendants were guilty of various acts of gross negligence as set forth herein and each of these acts of gross negligence was a direct and proximate cause of **JOSHUA PARKS**'s catastrophic and permanent injuries.

14.2    As a proximate result of the grossly negligent acts committed by Defendants herein, **JOSHUA PARKS** suffered catastrophic and permanent injuries.

14.3    The acts and/or omissions set forth herein were committed with gross negligence, as that term is used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to

justify the imposition of punitive damages against Defendants herein.

## XV.
## ACTUAL DAMAGES FOR PLAINTIFF, JOSHUA PARKS

15.1     As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants acts and/or omissions as described herein, Plaintiff, **JOSHUA PARKS** was caused to suffer severe injuries, thereby causing physical impairment, in the past as well as in the future, and the loss of earnings.  Furthermore, Plaintiff also endured anxiety, pain, and mental anguish resulting in damages more fully set forth below.

15.2     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, **JOSHUA PARKS** has incurred the following damages:

    A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Willacy County, Texas;

    B.    Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

    C.    Disgurement in the past;

    D.    Disgurement in the future;

    E.    Physical pain and suffering in the past;

    F.    Physical pain and suffering in the future;

    G.    Mental anguish in the past;

    H.    Mental anguish in the future;

    I.    Physical impairment in the past;

    J.    Physical impairment which, in all reasonable probability, will be suffered in the future;

    K.    Loss of earnings in the past;

    L.    Loss of earning capacity which will, in all probability, be incurred in the future;

15.3     The above enumerated damages were proximately caused by the negligence of the Defendants and/or their servants, agents and/or employees acting within the course and scope of their employment and/or agency. Plaintiff, therefore, pleads for an amount of actual damages which the jury deems reasonable, which is in excess of the minimal jurisdictional limits of this court.

## XVI.
## PREJUDGMENT INTEREST

16.1 The Plaintiffs are entitled to recovery of prejudgment interest.

## XVII.
## REQUESTS FOR DISCLOSURE

17.1     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, all parties named herein

as Defendant (s) is/are to disclose, within fifty (50) days of service of this request, the information

and material described in the Texas Rules of Civil Procedure 194.2(a)-(l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited

to appear and answer herein; that this cause be set down for a final trial before a jury, that a

Judgment be rendered for Plaintiff against Defendants, for actual damages in an amount the jury

deems just and reasonable which is in excess of the minimal jurisdictional limits of this Court,

along with costs of court, and both post and pre-judgment interest as allowed by law, and for such

other and further relief to which Plaintiff may be justly entitled, whether by law or in equity.

Respectfully submitted,

**THE HERRERA LAW FIRM, INC.**
Herrera Plaza
1800 W. Commerce Street
San Antonio, Texas 78207
Telephone:     (210) 224-1054
Facsimile:     (210) 228-0887

BY:   /s/ LAURA E. GUTIERREZ TAMEZ
LAURA E. GUTIERREZ TAMEZ
State Bar No. 00793869
ltamez@herrerralaw.com
JORGE A. HERRERA
State Bar No. 24044242
Jherrera@herreralaw.com
JAVIER L. HERRERA
State Bar No. 24075498
Javier@herreralaw.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of November 2019, a true and correct copy of the above and foregoing document has been forwarded in accordance with T.R.C.P.21a to the following:

/s/ LAURA E. GUTIERREZ TAMEZ
LAURA E. GUTIERREZ TAMEZ

CAUSE NO. 2019-CV-0377-A

| | | |
|---|---|---|
| **JOSHUA PARKS,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **197TH JUDICIAL DISTRICT** |
| | § | |
| **NORDEX USA, INC., ACCIONA** | § | |
| **ENERGY USA GLOBAL LLC,** | § | |
| **BRUENNING'S BREEZE WIND** | § | |
| **FARM, LLC, IEA CONSTRUCTORS,** | § | |
| **LLC, E.ON CLIMATE &** | § | |
| **RENEWABLES NORTH AMERICA,** | § | |
| **LLC, 3M and CAPITAL SAFETY, LLC** | § | |
| **AND AXIS RENEWABLE GROUP,** | § | **WILLACY COUNTY, TEXAS** |
| **INC.,** | | |
| | | |
| **Defendants.** | | |

### PLAINTIFF'S THIRD AMENDED PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes **JOSHUA PARKS** (hereinafter referred to as Plaintiff) complaining of **NORDEX USA, INC., ACCIONA ENERGY USA GLOBAL LLC, BRUENNING'S BREEZE WIND FARM, LLC, IEA CONSTRUCTORS, LLC,** and **E.ON CLIMATE & RENEWABLES NORTH AMERICA, LLC, 3M, CAPITAL SAFETY, LLC, AXIS RENEWABLE GROUP, INC., WORLD WIND & SOLAR, CAMPO LEJANO AXIS GRUPO, INC., ACCIONA WINDPOWER NORTH AMERICA, LLC AND FIRST NATIONAL CAPITAL, LLC** (hereinafter referred to as Defendants), and for such cause of action, would respectfully show unto the court as follows:

### I.    DISCOVERY CONTROL PLAN LEVEL

1.1     Plaintiffs plead that discovery should be conducted in accordance with a discovery control plan under rule 190.4 (Level 3) of the Texas Rules of Civil Procedure.

### II.    JURY DEMAND

2.1    Plaintiff has tendered the required fee, and hereby requests a trial by jury.

### III.    PARTIES AND SERVICE

**PLAINTIFFS:**

3.1    Plaintiff, **JOSHUA PARKS,** is a resident of Rowan County, Texas.

**DEFENDANTS:**

3.2    Defendant, **NORDEX USA, INC.** (hereinafter referred to as "**NORDEX**"), is a foreign corporation, organized and existing under the laws of the State of Delaware and authorized to do business in Willacy County, Texas. No further service is necessary, at this time.

3.3.    Defendant, **ACCIONA ENERGY USA GLOBAL LLC.** (hereinafter referred to as "**ACCIONA**"), is a foreign limited liability company, organized and existing under the laws of the State of Delaware and authorized to do business in Willacy County, Texas. No further service is necessary, at this time.

3.4.    Defendant, **BRUENNING'S BREEZE WIND FARM, LLC** (hereinafter referred to as "**BRUENNING'S**"), is a foreign limited liability company, organized and existing under the laws of the State of Delaware and authorized to do business in Willacy County, Texas. No further service is necessary, at this time.

3.5    Defendant, **IEA CONSTRUCTORS, LLC** (hereinafter referred to as "**IEA**"), is a foreign limited liability company, organized and existing under the laws of the State of Wisconsin and authorized to do business in Willacy County, Texas. No further service is necessary, at this time.

3.6.    Defendant, **E. ON CLIMATE & RENEWABLES NORTH AMERICA, LLC** (hereinafter referred to as "**E.ON**"), is a foreign limited liability company, organized and existing

under the laws of the State of Delaware and authorized to do business in Willacy County, Texas. No further service is necessary, at this time.

3.7     Defendant, **CAPITAL SAFETY, LCC (**hereinafter referred to as "**CAPITAL**"), is a Delaware limited liability company that engages in business in the State of Texas but has not designated or maintained a resident agent for service of process in the State of Texas. No further service is necessary, at this time.

3.8     Defendant, **3M** (hereinafter referred to as "**3M**"), is a Minnesota corporation with its principal place of business in St. Paul, Minnesota.  3M Company regularly conducts business in the State of Texas. No further service is necessary, at this time.

3.9.    Defendant, **AXIS RENEWABLE GROUP, INC.** (hereinafter referred to as "**AXIS**"), is a California Domestic Profit Corporation that engages in business in the State of Texas but has not designated or maintained a resident agent for service of process in the State of Texas. No further service is necessary, at this time.

3.10.   Defendant, **WORLD WIND & SOLAR** (hereinafter referred to as "**WWS**"), is a California Domestic Profit Corporation that engages in business in the State of Texas but has not designated or maintained a resident agent for service of process in the State of Texas. No further service is necessary, at this time.

3.11.   Defendant, **CAMPO LEJANO AXIS GRUPO, INC**, previously named **AXIS RENEWABLE GROUP, INC.** (hereinafter referred to as "**AXIS**"), is a Wyoming Domestic Profit Corporation that engages in business in the State of Texas but has not designated or maintained a resident agent for service of process in the State of Texas. No further service is necessary, at this time.

3.12.   Defendant, **ACCIONA WINDPOWER NORTH AMERICA, LLC.** (hereinafter referred to as "**ACCIONA WINDPOWER**"), is a foreign corporation, organized and existing

under the laws of the State of Delaware and authorized to do business in the State of Texas, but has not designated or maintained a resident agent for service of process in the State of Texas. No further service is necessary, at this time.

3.13.    Defendant, **ACCIONA WINDPOWER NORTH AMERICA, LLC.** (hereinafter referred to as "**ACCIONA WINDPOWER**"), is a foreign corporation, organized and existing under the laws of the State of Oregon and authorized to do business in the State of Texas. No further service is necessary, at this time.

3.14.    Defendant, **FIRST NATIONAL CAPITAL, LLC** (hereinafter referred to as "**FIRST NATIONAL**"), is a Domestic Limited Liability company. Service is requested pursuant to TEX. R. CIV. P. 103 and 106(a) (2) permitting the clerk of the court to serve Defendant by mailing to Defendant by registered or certified mail, return receipt requested, a true and correct copy of the citation with service of process.  Service may be had on Defendant's registered agent for service:

National Registered Agents, Inc.
1999 Bryan Street, Suite 900
Dallas, Texas 75201

## IV.    JURISDICTION AND VENUE

4.1    The amount in controversy exceeds the minimal jurisdictional limits of this Court, in that this lawsuit seeks damages in excess of the minimum jurisdictional limits of the district courts in the State of Texas.

4.2    Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads that the value of this case at this time is more than one million dollars ($1,000,000.00).

4.3    Venue of this lawsuit is proper in Willacy County pursuant to TEX. CIV. PRAC. & REM. CODE ANN. §15.002 (General Rule), as all or a substantial part of the events or omissions giving rise to this cause of action occurred in Willacy County, Texas.

## V.    ALTER-EGO

5.1     In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.  Alternatively, the Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice. In the event that the true parties are misidentified, Plaintiff hereby asserts reliance upon the doctrine of misidentification.

## VI.    GENERAL ALLEGATIONS OF FACTS

6.1     On or about November 17, 2017, Plaintiff, **JOSHUA PARKS**, while in the course and scope of his employment, was seriously injured when he fell approximately 25" inside a WTG Nacelle, owned by Defendant, **E.ON**, at **Bruenning Breeze** in Raymondville, Willacy County, Texas. Defendants, **E.ON**, **NORDEX, ACCIONA, BRUENNINGS, IEA, CAPITAL, 3M, AXIS, WWS, ACCIONA WINDPOWER AND/OR FIRST NATIONAL** exercised or had the right to exercise contractual and actual control over the premises, the work being performed, and safety at the job site. The worksite in question was under the operational direction and control of Defendants **E.ON, NORDEX, ACCIONA, BRUENNINGS, IEA, CAPITAL, 3M, AXIS, WWS, ACCIONA WINDPOWER** and/or **FIRST NATIONAL**. Defendants were in control of the site and had contractual and actual control of the site and job.

6.2     The cable grab connector grab connector in question was defectively designed, manufactured, marketed, and distributed by Defendants, **3M and CAPITAL**.

6.3     As a result of said incident, Plaintiff, **JOSHUA PARKS**, suffered serious and permanent bodily injuries and damages to his body in general.

## VII.    CLAIMS FOR RELIEF

### NEGLIGENCE OF NORDEX USA, INC., ACCIONA ENERGY USA GLOBAL LLC, BRUENNING'S BREEZE WIND FARM, LLC, IEA CONSTRUCTORS, LLC,

**and E.ON CLIMATE & RENEWABLES NORTH AMERICA, LLC, CAPITAL SAFETY, LLC, 3M, AXIS RENEWABLE GROUP, INC., WORLD WIND & SOLAR, CAMPO LEJANO AXIS GRUPO, INC., ACCIONA WINDPOWER NORTH AMERICA, LLC AND FIRST NATIONAL CAPITAL, LLC**

7.1     On the occasion in question, Defendants, **E E.ON, NORDEX, ACCIONA, BRUENNINGS, IEA, CAPITAL, 3M, AXIS, WWS, ACCIONA WINDPOWER AND FIRST NATIONAL CAPITAL, LLC** its agents, servants, and employees created a dangerous condition, which proximately caused the injuries to Plaintiff. Said Defendants failed to maintain a safe place to work, failed to enforce safety regulations and failed to warn of the dangerous conditions existing on said site of which they had actual and contractual control.

**VIII.**
**NEGLIGENCE OF NORDEX USA, INC., ACCIONA ENERGY USA GLOBAL LLC, BRUENNING'S BREEZE WIND FARM, LLC, IEA CONSTRUCTORS, LLC, and E.ON CLIMATE & RENEWABLES NORTH AMERICA, LLC, CAPITAL SAFETY, LLC, 3M AXIS RENEWABLE GROUP, INC. WORLD WIND & SOLAR, CAMPO LEJANO AXIS GRUPO, INC, ACCIONA WINDPOWER NORTH AMERICA, LLC AND FIRST NATIONAL CAPITAL, LLC**

8.1     Defendants, owed a duty to Plaintiff to ensure, maintain, properly place, supervise, and inspect the equipment, materials, and procedures used by their employees. Said Defendants owed a duty to Plaintiff to adequately ensure, maintain, and properly place fall protection at the construction site. Said Defendants negligently failed to ensure, maintain, properly place equipment at the construction site, and failed to properly supervise and inspect the individuals, equipment, materials, and procedures used by their employees. The Defendants knowingly and willingly left the work site in an unreasonably dangerous and unsafe condition and without any form of warning, leaving workers exposed to an unreasonably dangerous condition.  As a direct and proximate result, Plaintiff suffered damages as specified herein, for which Plaintiff now sues.

8.2     The Defendants had a duty to use reasonable care to keep the premises and work area under their contractual and actual control in a safe condition.

8.3     The Defendants exercised and/or retained actual control over the work place,

individuals, and construction site.

8.4     Plaintiff alleges that each and every one of the aforesaid careless and negligent acts and/or omissions on the part of these Defendants constitutes negligence which was and is the proximate cause and producing cause of the injuries and damages sustained by Plaintiff.

## IX.
## <u>LIABILITY – 3M AND CAPITAL SAFETY, LLC</u>

9.1     The defective connector involved in the injury in question was designed, manufactured, assembled, marketed and/or distributed by Defendants **3M and CAPITAL**.

9.2     Defendants **3M and CAPITAL** designed, manufactured, assembled, marketed and sold/distributed the connector in question, and at the time it did so, was in the business of designing, manufacturing, assembling, marketing and selling/distributing connectors like the one in question.

9.3     From the time that the connector left the possession of Defendants **3M and CAPITAL** until the time of the accident, the connector remained in the same or substantially similar condition it was in at the time it left the possession of Defendants **3M and CAPITAL**.

9.4     At the time the connector was designed, manufactured, and sold by Defendant **CAPITAL**, it was defective in design and unreasonably dangerous as designed and manufactured.

9.5     No subsequent modification or material alteration was made to the product after it left the possession of Defendants **3M and CAPITAL**. At the time of the accident, the connector was in the same or substantially similar condition as when it left the control of Defendants **3M and CAPITAL**.  At the time of the accident, the connector was in substantially the same condition as it was at the time it was placed into the stream of commerce.

9.6     At the time the connector in question was sold, the defective design of the connector ultimately caused the product to unexpectedly fail to function in a manner reasonably expected by an ordinary consumer and user of said connector.

9.7     The defective and unreasonably dangerous design of the connector was a producing cause of the incident which makes the basis of this lawsuit.

9.8     At the time the connector in question left the possession of Defendants **3M and CAPITAL**, it was defective in manufacture, because it was an unreasonably dangerous product.

9.9     The product was dangerous to an extent beyond that which would be contemplated by the ordinary user of the product with the ordinary knowledge common to the community as to the product's characteristics.

9.10    The defective and unreasonably dangerous manufacture of the connector was a producing cause of the incident which makes the basis of this lawsuit and the damages of Plaintiff.

9.11    At the time the subject connector was marketed, Defendants **3M and CAPITAL** failed to provide adequate warnings of the connector's dangers while it is still within its "useful service life", a warning that would have caught the attention of a reasonably prudent person in the circumstances of the connector's use. The subject connector left Defendants **3M and CAPITAL**'s possession without an adequate warning.

9.12    The subject connector's marketing defect was a producing cause of the incident which makes the basis of this lawsuit and the Plaintiff's damages.

9.13    No mandatory safety standard or regulation adopted by and promulgated by the federal government or an agency of the federal government was applicable to the Defendants **3M and CAPITAL**'s connector at the time they were manufactured that governed the product risk that caused the injuries and damages to the Plaintiff.  To the extent Defendants **3M and CAPITAL** attempt, pursuant to §82.008 of the Texas Civil Practice and Remedies Code, to rely on any

standards or regulations of the federal government, such standards or regulations were inadequate to protect against the risk of injury and/or damages that occurred in this accident and/or Defendants **3M and CAPITAL** withheld or misrepresented information to the government regarding the adequacy of the safety standard at issue.

## X.
## DESIGN DEFECT IN
## QUESTION / PRODUCT LIABILITY

10.1    At all times relevant herein, the Defendants **3M and CAPITAL** were in the business of designing, manufacturing, marketing or otherwise distributing cable grab connectors. The connector was defective and unreasonably dangerous at the time it was designed, manufactured, marketed and distributed.  The defective nature of the design of the connector included defects in design; manufacturing; handling; marketing; instructions; and warnings.  The defective nature of the cable grab connector included the following:

(a)    The connector is defective in that the design of the characteristics of the steel created an extreme risk of breaking under tension.

(b)    The steel characteristics created an extreme risk of breaking/failing that is both beyond the expectations of the consumer and creates a risk that far outweighs any benefits associated with the design;

(c)    The design referred to in 8.1(a) and 8.1(b) created an unreasonable risk of snapping given that the connector was intentionally marketed as "free from defects in materials or workmanship," and warranted that the cable grab connector exceeded breaking strength and characteristics.

(d)    The connector was defectively marketed in that the consumer was led to believe the cable grab connector was a safe and stable steel connector without providing necessary and adequate warnings and instruction so that an informed choice could be made about purchasing the steel connector;

(e)    The connector was defective in that it was not designed to provide reasonable and necessary usage of such steel connector.

10.2    The design defects in the connector in question rendered it defective and unreasonably dangerous, which defective and unreasonably dangerous conditions was/were a

producing cause of the breaking of the steel connector in question, the injuries caused thereby, and the damages sought by the Plaintiff.

10.3     Pursuant to Tex. Civ. Prac. & Rem. Code §82.005, a safer alternative design was economically and technologically feasible at the time the product left the control of Defendants **3M and CAPITAL** and would have prevented or significantly reduced the risk of the breaking of the connector without affecting the utility of the product.

## XI.
## NEGLIGENCE– 3M and CAPITAL SAFETY, LLC

11.1     At the times relevant herein, the Defendants **3M and CAPITAL** were in the business of designing, manufacturing, marketing, and distributing steel cable grab connectors for use.  The Defendants **3M and CAPITAL** held themselves out as having special expertise in the industry.  As such, the Defendant **CAPITAL** owed Plaintiff a duty to use reasonable care in the design; manufacture; preparation; testing; marketing; instructing; and warnings surrounding the steel cable grab connector.  The Defendants **3M and CAPITAL** violated this duty by supplying a cable grab connector that was defective.

11.2     The negligent acts included, but are not limited to the following acts or omissions:

(a)     Negligently designing the cable grab connector from a handling and stability point;

(b)     Negligently designing the cable grab connector with poor resistance;

(c)     Negligently testing of the cable grab connector from a handling and stability standpoint;

(d)     Negligently failing to test the cable grab connector to ensure the design provides reasonable protection in the event of a breaking;

(e)     Failing to adequately train and assist distributors with the dangers associated with the cable grab connector;

(f)     Failing to disclose known problems and defects;

(g)     Negligently marketing the cable grab connector as a safe product;

(h)     Failing to meet or exceed internal corporate guidelines;

(i)     Negligently designing the cable grab connector from a marketing standpoint;

(j)     Failing to comply with the standards that are applicable grab connector in the cable grab connector industry insofar as providing a safe product;

(k)     Failing to comply with applicable grab connector and necessary standards;

(l)     Failing to notify consumers, as required by law, that a defect exists in the cable grab connector that relates to public safety;

(m)     Negligent manufacturing of the cable grab connector;

(n)     Negligent failure to warn of the dangers associated with the cable grab connector;

(o)     Negligent failure to properly test the cable grab connector;

(p)     Negligent failure to warn consumers of a known danger/defect in the cable grab connector;

(q)     Negligent failure to disclose post-sale information known about dangers or defects in the cable grab connector;

(r)     Negligent concealment of the known dangers associated with the cable grab connector;

(s)     Negligent operation of the plant where the cable grab connector was made;

(t)     Negligent quality control procedures resulting in poor quality cable grab connector productions;

(u)     Negligent failure to recall the cable grab connector or, alternatively, to warn consumers of known cable grab connector breakages.

11.3     These acts of negligence was a proximate and producing cause of the breaking of the cable grab connector, injuries resulting there from, and damages sustained by the Plaintiff.

11.4     The dangers referenced earlier were reasonably foreseeable or scientifically discoverable at the time of exposure.

## XII.
## BREACH OF WARRANTY – 3M and CAPITAL SAFETY, LLC

12.1     At all times relevant herein, the Defendants were "merchants" in the business of supplying "goods".  The cable grab connector was "goods" and/or "products" sold for consumer usage.

12.2     As such, the Defendants breached the warranties of merchantability and fitness for a particular purpose in that the cable grab connector was not fit for ordinary use or for the intended use for which it was purchased.

12.3     These breaches of warranty proximately resulted in the accident, injuries and damages suffered by the Plaintiffs. Notice has been provided as required by law.

## XIII.
## GROSS NEGLIGENCE

13.1     Defendants committed gross negligence, which was a proximate cause of the injuries and damages of Plaintiff, and for which Plaintiff is entitled to recover punitive damages, pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code and Article XVI, §26 of the Texas Constitution.

13.2     Plaintiff, **JOSHUA PARKS,** alleges the acts or omission of the Defendants involved an extreme degree of risk and contained a high probability and magnitude of potential harm to others. Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety and welfare of the Plaintiff.  As a direct and proximate result, Plaintiff suffered damages ad specified herein, for which Plaintiff now sues.

## XIV.
## GROSS NEGLIGENCE AS AGAINST ALL DEFENDANTS

14.1     Defendants were guilty of various acts of gross negligence as set forth herein and each of these acts of gross negligence was a direct and proximate cause of **JOSHUA PARKS**'s catastrophic and permanent injuries.

14.2     As a proximate result of the grossly negligent acts committed by Defendants herein,

**JOSHUA PARKS** suffered catastrophic and permanent injuries.

14.3     The acts and/or omissions set forth herein were committed with gross negligence, as that term is used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against Defendants herein.

## XV.
## ACTUAL DAMAGES FOR PLAINTIFF, JOSHUA PARKS

15.1     As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants acts and/or omissions as described herein, Plaintiff, **JOSHUA PARKS** was caused to suffer severe injuries, thereby causing physical impairment, in the past as well as in the future, and the loss of earnings.   Furthermore, Plaintiff also endured anxiety, pain, and mental anguish resulting in damages more fully set forth below.

15.2     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, **JOSHUA PARKS** has incurred the following damages:

A.     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Willacy County, Texas;

B.     Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

C.     Disfigurement in the past;

D.     Disfigurement in the future;

E.     Physical pain and suffering in the past;

F.     Physical pain and suffering in the future;

G.     Mental anguish in the past;

H.     Mental anguish in the future;

I.     Physical impairment in the past;

J.     Physical impairment which, in all reasonable probability, will be suffered in the future;

K.     Loss of earnings in the past;

L.     Loss of earning capacity which will, in all probability, be incurred in the future;

15.3     The above enumerated damages were proximately caused by the negligence of the Defendants and/or their servants, agents and/or employees acting within the course and scope of their employment and/or agency. Plaintiff, therefore, pleads for an amount of actual damages

which the jury deems reasonable, which is in excess of the minimal jurisdictional limits of this court.

## XVI.
## PREJUDGMENT INTEREST

16.1The Plaintiffs are entitled to recovery of prejudgment interest.

## XVII.
## REQUESTS FOR DISCLOSURE

17.1    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, all parties named herein as Defendant (s) is/are to disclose, within fifty (50) days of service of this request, the information and material described in the Texas Rules of Civil Procedure 194.2(a)-(l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein; that this cause be set down for a final trial before a jury, that a Judgment be rendered for Plaintiff against Defendants, for actual damages in an amount the jury deems just and reasonable which is in excess of the minimal jurisdictional limits of this Court, along with costs of court, and both post and pre-judgment interest as allowed by law, and for such other and further relief to which Plaintiff may be justly entitled, whether by law or in equity.

Respectfully submitted,

**THE HERRERA LAW FIRM, INC.**
Herrera Plaza
1800 W. Commerce Street
San Antonio, Texas 78207
Telephone:    (210) 224-1054
Facsimile:    (210) 228-0887

BY:  /s/ LAURA E. GUTIERREZ TAMEZ
LAURA E. GUTIERREZ TAMEZ
State Bar No. 00793869
ltamez@herrerralaw.com
JORGE A. HERRERA
State Bar No. 24044242

Jherrera@herreralaw.com
JAVIER L. HERRERA
State Bar No. 24075498
Javier@herreralaw.com

**ATTORNEYS FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 18th day of November 2019, a true and correct copy of the above and foregoing document has been forwarded in accordance with T.R.C.P.21a to the following:

/s/ LAURA E. GUTIERREZ TAMEZ_____
LAURA E. GUTIERREZ TAMEZ

NO. 2019-CV-0377-A

| | | |
|---|---|---|
| JOSHUA PARKS, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| NORDEX USA, INC., ACCIONA ENERGY | § | |
| USA GLOBAL LLC, BRUENNING'S | § | WILLACY COUNTY, TEXAS |
| BREEZE WIND FARM, LLC, IEA | § | |
| CONSTRUCTORS, LLC, E.ON CLIMATE | § | |
| & RENEWABLES NORTH AMERICA, | § | |
| LLC, 3M and CAPITAL SAFETY, LLC, | § | |
| AND AXIS RENEWABLE GROUP, INC., | § | |
| | § | |
| Defendants. | § | 197TH JUDICIAL DISTRICT |

## ACCIONA ENERGY USA GLOBAL LLC'S
## <u>ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION</u>

Defendant Acciona Energy USA Global LLC ("<u>Acciona</u>") files this original answer to Plaintiff Joshua Parks's Original Petition.

### I.
### GENERAL DENIAL

At this time, Acciona asserts a general denial as authorized by Texas Rule of Civil Procedure 92, and respectfully requests that the Court and Jury require Plaintiff to prove his claims, charges, and allegations by a preponderance of the evidence as required by the constitution and laws of the State of Texas.

### II.
### REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Acciona hereby requests that Plaintiff disclose and produce the information or material described in Rule 194.2(a)-(l).

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Acciona Energy USA Global LLC prays that it have a judgment in accordance with the law and the facts, and such other and further relief as requested herein, both general and special, legal and equitable, to which it may show itself justly entitled.

Respectfully submitted,

**FOLEY GARDERE**
**Foley & Lardner LLP**

By: */s/ Geoffrey H. Bracken*
Geoffrey H. Bracken
State Bar No.  02809750
gbracken@foley.com
Jill M. Hale
State Bar No. 24090141
jhale@foley.com
1000 Louisiana, Suite 2000
Houston, Texas  77002-5011
Telephone:  713.276.5500
Facsimile:   713.276.5555

**ATTORNEYS FOR DEFENDANT**
**ACCIONA ENERGY USA GLOBAL LLC**

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that a true and correct copy of the foregoing document has been served upon all counsel of record this 2nd day of December, 2019 in accordance with the Texas Rules of Civil Procedure.

*/s/ Jill M. Hale*
Jill M. Hale

2

Filed 10/22/2019 8:52 PM
Isabel Adame
Isabel Adame
District Clerk
Willacy County, Texas
Reviewed By: Isabel Mejia

CAUSE NO. 2019-CV-0377-A

| | | |
|---|---|---|
| JOSHUA PARKS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | |
| | § | |
| NORDEX USA, INC., ACCIONA ENERGY | § | |
| USA GLOBAL LLC, BRUENNING'S | § | OF WILLACY COUNTY, TEXAS |
| BREEZE WIND FARM, LLC, IEA | § | |
| CONSTRUCTORS, LLC, E. ON CLIMATE | § | |
| AND RENEWABLES NORTH AMERICA, | § | |
| LLC, 3M and CAPITAL SAFETY, LLC | § | |
| and AXIS RENEWABLE GROUP, INC. | § | 197TH JUDICIAL DISTRICT |

## DEFENDANTS AXIS RENEWABLE GROUP, INC. AND
## CAMPO LUJANO AXIS GRUPO, INC.'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME **AXIS RENEWABLE GROUP, INC. and CAMPO LEJANO AXIS GRUPO, INC.**, Defendants in the above entitled and numbered cause, and files this, their Original Answer in reply to Plaintiff's Original Petition and any subsequent Petition filed herein, and for such Answer would respectfully show unto the Court the following:

### I.

Reserving the right to file other and further pleadings, exceptions and denials, Defendants deny each and every material allegation contained in Plaintiff's Original Petition and any subsequent Petition filed herein and demand strict proof thereof in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

### II.

At all times relevant herein, Defendants were subscribers under the Texas Workers' Compensation laws.  The Plaintiff alleges he was in the course and scope of his employment at the time he sustained an injury.  Plaintiff was covered by a workers'

1

Unofficial Copy

compensation policy supplied by Defendants. Pursuant to the workers' compensation laws of the State of Texas and the Texas Labor Code, Plaintiff is not entitled to sue Defendants and is not entitled to recover damages against Defendants. Defendants specifically rely upon and invoke said limitation and bar under the Texas Labor Code and the Texas Workers' Compensation statutes.

### III.

Defendants would show they are entitled to the workers' compensation bar with regard to the claims of the Plaintiff. The Plaintiff fails to state a cause of action upon which relief may be granted.

### IV.

Defendants rely on the provisions of CPRC 41.0105 with regard to paid and incurred medical services.

### V.

Defendants would respectfully invoke the applicable provisions of Chapter 18.091 of the Texas Civil Practice & Remedies Code regarding Plaintiff's claims for lost earnings, earning capacity, or contribution of a pecuniary value.

### VI.

Defendants rely upon and invoke the provisions of Chapter 146 of the Texas Civil Practice & Remedies Code and its requirement for timely billing for health services.

### VII.

Further, Defendants would show that they are entitled to a submission of the Plaintiff's comparative fault herein. Again, this is not for the purposes of an award of

2

Unofficial Copy

actual damages, to which Plaintiff is not entitled, but so that the Court may determine if punitive damages could be awarded in any event.

## VIII.

As referred to above, Defendants further affirmatively plead the doctrine of comparative fault and/or contributory negligence and/or contributory gross negligence and would show that the occasion in question was caused and/or proximately caused by the Plaintiff's or a third party's negligent and/or grossly negligent conduct. In the alternative, the Plaintiff's conduct was the sole proximate cause of the occasion in question.

## IX.

For any appropriate calculation herein, Defendants affirmatively plead the defenses of payment, and credit and offset, by reason of Plaintiff's receipt of any workers' compensation benefits herein.

## X.

Defendants specifically deny that any act or omission on their part constitutes gross negligence. Moreover, Defendants invoke and rely upon the limitations placed upon an award of exemplary damages as set forth in §41.008 of the Texas Civil Practice and Remedies Code. In the highly unlikely event that a verdict should be rendered which would otherwise result in a judgment in excess of that allowed by said §41.008 of the Texas Civil Practice and Remedies Code, this Honorable Court should reduce and reform said judgment such that the caps and limitations set forth in said §41.008 of the Texas Civil Practice and Remedies code are not exceeded.

3

Unofficial Copy

## XI.

The assessment of punitive damages against these Defendants would violate provisions of the United States Constitution including the Eighth Amendment (excessive fines and punishment), the Fourteenth Amendment (due process), and all relevant provisions of the Constitution of the State of Texas, including the due process clause.

## XII.

In addition to the limitations and caps set forth above, Defendants herein rely upon the entirety of §41 of the Texas Civil Practice and Remedies Code, including, but not limited to, statutory provisions set forth therein providing for the proper burden of proof (clear and convincing), for unanimity of finding by the jury, and for the appropriate definition of gross negligence.

WHEREFORE, PREMISES CONSIDERED, Defendants **AXIS RENEWABLE GROUP, INC. and CAMPO LEJANO AXIS GRUPO, INC.** pray that Plaintiff take nothing and that they go hence with their costs without day.

Respectfully submitted,
ATLAS, HALL & RODRIGUEZ, LLP
P. O. Drawer 3725 (78502)
818 West Pecan Boulevard
McAllen, Texas 78501
(956) 682-5501
(956) 686-0109 – Facsimile

By: _Susan Sullivan_

Mike Mills
Texas State Bar No. 14163500
E-Mail: mkmills@atlashall.com
Susan Sullivan
Texas State Bar No. 11546700
E-Mail: ssullivan@atlashall.com
*Attorneys for Defendants Axis Renewable Group, Inc. & Campo Lejano Axis Grupo, inc.*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document has been forwarded via electronic service to all counsel of record on this 22nd day of November, 2019.

Laura E. Gutierrez Tamez
ltamez@herreralaw.com
Jorge A. Herrera
jherrera@herreralaw.com
Javier L. Herrera
Javier@herreralaw.com
THE HERRERA LAW FORM, INC.
Herrera Plaza
1800 W. Commerce Street
San Antonio, Texas 78207

Susan Sullivan

5

Unofficial Copy

Filed 12/5/2019 8:38 AM
Isabel Adame
District Clerk
Willacy County, Texas
Reviewed By: Isabel Mejia

CAUSE NO. 2019-CV-0377-A

| | | |
|---|---|---|
| JOSHUA PARKS, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | |
| | § | 197TH JUDICIAL DISTRICT |
| NORDEX USA, INC., ACCIONA | § | |
| ENERGY USA GLOBAL LLC, | § | |
| BRUENNING'S BREEZE WIND FARM, | § | |
| LLC, IEA CONSTRUCTORS, LLC, E. | § | |
| ON CLIMATE & RENEWABLES | § | |
| NORTH AMERICA, LLC, 3M, | § | |
| CAPITAL SAFETY, LLC AND AXIS | § | |
| RENEWABLE GROUP, INC., | § | |
| | § | WILLACY COUNTY, TEXAS |
| **Defendants.** | | |

## DEFENDANT NORDEX USA, INC.'S ORIGINAL ANSWER AND REQUESTS FOR DISCLOSURE

COMES NOW **NORDEX USA, INC. (hereinafter "Nordex")** Defendant in the above styled and numbered cause and reserving the right to file other pleadings, exceptions, and denials, files this its Original Answer to the claims of **JOSHUA PARKS (hereinafter "Parks")** and would respectfully show the Court the following:

## I.

## GENERAL DENIAL

1.1     Nordex asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and Nordex respectfully requests that Parks be required to prove the charges and allegations made against Nordex by a preponderance of the evidence as required by the laws of the State of Texas.

63103:20477294

## II.

## JURY DEMAND

2.1     Nordex requests a trial by jury on all issues of fact.

WHEREFORE, PREMISES CONSIDERED, Defendant NORDEX USA, INC. respectfully prays that JOSHUA PARKS recover nothing from it and that the Court enter judgment that this Defendant have such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

/s/ Christopher Lowrance

Christopher Lowrance
State Bar No. 00784502
Email: chris.lowrance@roystonlaw.com
802 N. Carancahua, Suite 1300
Corpus Christi, Texas 78401-0021
(361) 884-8808
(361) 884-7261 (Fax)
ATTORNEYS FOR DEFENDANT, NORDEX USA, INC.

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on the 25th day of November 2019, in accordance with the Texas Rules of Civil Procedure, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ Christopher Lowrance

Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

2

63103:20477294